# Commonwealth *v.* Williams, Appellant.

*Criminal law—Demurrer—Judgment of court—Appeal.*
In criminal cases a general demurrer to the evidence of the Commonwealth admits all the facts which the evidence tends to prove, and all inferences reasonably deducible therefrom.

*Criminal law—Demurrer—Judgment of court—Appeal.*
On a general demurrer to the evidence of the Commonwealth, the judgment of the court, on the evidence, will not be disturbed, on appeal, where there is sufficient testimony to have warranted a verdict of guilty, if the case had been submitted to a jury.

*Appeals—Assignments of error—Bills of exception.*
Where an assignment of error embraces more than one point, or refers to more than one bill of exception, or raises more than one distinct question, it violates the rules of the Superior Court, and will not be considered.

*Appeals—Assignments of error—Loose-leaf ledger—Evidence.*
An assignment of error, to the admission of loose-leaf pages of a book, is insufficient, which does not set forth a copy of the pages.

Argued April 8, 1918. Appeal, No. 37, April T., 1918, by defendant, from judgment of Q. S. Clarion Co., Aug. Sess., 1915, No. 11, in favor of Commonwealth and

312    COMMONWEALTH *v.* WILLIAMS, Appellant.

against the defendant in issue raised by demurrer and joinder in the case of Commonwealth v. A. W. Williams. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Indictment for obtaining goods under false pretense, before SLOAN, P. J.

From the record it appeared that the defendant was the president of the Hillville Coal & Mining Co., operating a coal leasehold in Clarion County, Pa.   The indictment charged him with knowingly and intending to defraud one R. C. Patterson by representing to him that the said coal and mining company was a mine in good condition, was being operated on a paying basis, etc., and that by reason of said false pretense, said Patterson purchased sixty shares of valueless stock in said coal and mining company and gave his check for $3,000, payable to said Hillville Coal & Mining Co.   That the check was subsequently paid by the bank out of the proceeds of said Patterson on the endorsement by the defendant.   That he never issued any stock in said corporation to the prosecutor.

At the close of the testimony, on the part of the Commonwealth, the defendant entered a demurrer to the evidence offered in the case, upon which issue was joined by the Commonwealth and the jury discharged.

The court on the issue raised by the demurrer decided the case in favor of the Commonwealth and against the defendant and found him guilty.   Judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were various rulings on evidence and the sentence of the court.

*G. I. Zsatkovich,* and with him *George F. Whitmer,* for appellant.—The Commonwealth did not make out a case of false pretense: Commonwealth v. Schmunk, 22 Pa. Superior Ct. 348.

*A. A. Geary,* and with him *W. D. Burns* and *D. M. Geist,* District Attorney, for appellee.—A general demurrer admits not only the facts stated in the evidence, but every conclusion which a jury might fairly infer therefrom: 5 A. & E. Enc. of L., 1st Ed., 563; Vaughn v. Eason, 4 Yates 54; Dickey v. Schreider, 3 S. & R. 413; McKowen v. McDonald, 43 Pa. 441; Commonwealth v. Parr, 5 W. & S. 345.

The assignments of error were insufficient: Wojcie-chowski v. Johnkowski, 16 Pa. Superior Ct. 444; Com. v. Yerkes, 52 Pa. Superior Ct. 68.

OPINION BY HENDERSON, J., March 12, 1919:

The appellant was indicted for obtaining from the prosecutor the check of the latter for $3,000 by false pretenses. At the close of the Commonwealth's evidence, the counsel for the defendant entered a general demurrer to the evidence; counsel for the Commonwealth joined issue; whereupon the court accepted the action of the counsel, dismissed the jury, and disposed of the case on the demurrer. Judgment was entered against the defendant, and the sentence imposed, from which this appeal was taken.

In criminal cases demurrer to the evidence of the Commonwealth admits all the facts which the evidence tends to prove, and all inferences reasonably deducible therefrom: Commonwealth v. Parr, 5 W. & S. 345; Golden v. Knowles, 120 Mass. 136; Wharton's Crim. Ev. Sec. 616; McKowen v. McDonald, 43 Pa. 441. The court in such case is not the trier of the facts. The admissions implied in the demurrer leave for consideration the single inquiry whether the evidence introduced presents such a state of facts, with the inferences fairly arising therefrom, as would support a verdict of guilty. The learned trial judge has found from a consideration of the evidence, that there was competent testimony to warrant such a conclusion by the jury; and the burden is therefore cast on the appellant to show

that in all the evidence there is not to be found support for the accusation contained in the indictment.

The first four assignments of error relate to the admission of evidence objected to by the defendant. The first is in violation of Rule 14 in that it embraces more than one bill of exception, and raises more than one distinct question. The principal part of the evidence objected to is testimony given by George P. Bassett, Jr., but part has reference to an agreement in writing offered in evidence. Where an assignment embraces more than one point or refers to more than one bill of exception, or raises more than one distinct question, it should be considered a waiver of all errors so alleged: Wojciechowski v. Johnkowski, 16 Pa. Superior Ct. 444. It also fails to set forth a copy of the writing offered in evidence, and this in violation of Rule 16: Commonwealth v. Yerkes, 52 Pa. Superior Ct. 68.

The third assignment contains an objection to certain loose-leaf pages of an account book kept by Bassett in his transactions with the defendant, for whom the former was sales agent. But copies of these papers are not set forth in the assignment nor printed in the paper-book, and the assignment is insufficient for this reason.

The fourth assignment is open to the same objection as the first. It contains three bills of exception, and covers three distinct questions; the first being a motion to strike out all the testimony of the witness, Treager; the second being an objection to certain evidence subsequently offered by him; and the third being an objection to a promissory note, Exhibit No. 38. These assignments all being in violation of important rules of this court, cannot be considered.

It does not appear on the face of the record that the second assignment can be sustained. The Commonwealth offered to show by G. P. Bassett the condition of his account with the defendant. The question propounded was: "Do you have a copy, or can you tell us the condition of your account with Williams on the first day of

January, 1915?" Objection was made to this question which objection was overruled. It was certainly competent for the Commonwealth to show whether the defendant was indebted to the witness. It was proved that all the coal produced at the defendant's mine was sold through Bassett, as sales agent. The charge against the defendant was, that he obtained the note of the prosecutor for stock in the mining company on the false representation that the mine was operated on a paying basis. The Commonwealth sought to show that this statement was not true, and the testimony of Bassett was relevant and important on that subject. The witness then proceeded to give the figures showing that the defendant was indebted to him for advances at the date referred to. It does not appear in the assignment that the testimony thus given was objected to, and no error is apparent as set forth in the assignment.

The fifth and sixth assignments except to the judgment of the court.

We have examined the evidence with care, and are unable to agree with the learned counsel for the appellant in the contention that there is no evidence supporting the indictment. If the objection to the first four assignments be overlooked, and the case considered on the whole testimony, there is competent evidence which would have warranted a verdict of guilty if the case had been submitted to the jury.

The representations made to the prosecutor are admitted. The evidence is direct that at the time they were made, and at the time the check was obtained from him the mine was not operated at a profit, but was in debt to a considerable amount; that the proceeds of the check were obtained by the defendant and applied in a large part to the payment of indebtedness which he had not been able to discharge by the profits of the mining operation. The representation having been made, and there being competent evidence from which it might be concluded that the mine was operated at a loss

during all the time the defendant carried on the business, up to the day when the representations were made and when the check was given, of which fact the defendant had full knowledge, inference of an intent to defraud might fairly arise.

This was the conclusion of the court below, and with that we agree. The assignments of error are dismissed. The judgment is affirmed. It is ordered that the defendant appear in the Court of Quarter Sessions of Clarion County, and that he be by that court committed until he has complied with that part of his sentence which had not been performed at the time this appeal was made a supersedeas.