# Commonwealth *v.* Jacobson, Appellant.

*Liquor law—Selling liquor without a license—Sale by agent— Wholesale liquor dealer.*

An agreement to sell intoxicating liquor and to deliver it at the residence of the purchaser, without qualification, and a subsequent delivery of it at such residence, is a sale at that place, and unless the seller has a license to do so, is a violation of the law.

Where an agent of a wholesale liquor dealer goes into a county in which his employer has no right to sell liquor, and there makes a contract to deliver the goods in the place where the order is taken, and the order is accepted by the principal, and executed according to its terms by delivery in the prohibited place, both the principal and his agent are guilty of selling liquor without a license.

*Liquor laws—Sale without license—Interstate commerce—Webb-Kenyon Act.*

Where a wholesale liquor dealer in another state through his agents makes contracts for and delivers liquor in a county in Pennsylvania in which his license does not extend, such sale is not protected as interstate commerce since the passage of the Act of Congress of March 1, 1913, c. 90, 37 statutes 699, entitled "an Act

divesting intoxicating liquors of their interstate character in certain cases."

Argued October 8, 1918.    Appeal, No. 24, April T., 1919, by defendant, from judgment of Q. S. Mercer Co., April T., 1917, No. 62, on verdict of guilty in case of Commonwealth v. Louis Jacobson.    Before ORLADY, P. J., PORTER, HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Indictment for selling liquor without a license.    Before MCLAUGHRY, P. J.

The facts are stated in the opinion of the Superior Court.    Verdict of guilty upon which judgment of sentence was passed.    Defendant appealed.

*Error assigned* was the judgment of the court.

*A. L. Freiberg* and *Donald Thompson,* of *Calvert, Thompson & Wilson,* and with them *Service & McLean, Oscar J. Denny* and *J. M. Campbell,* for appellants.

*George R. Rowley,* and with him *W. G. Barker,* District Attorney, for appellee.

OPINION BY PORTER, J., July 17, 1919:

The appellant is a wholesale liquor dealer residing in Youngstown, Ohio, where he has a warehouse for the purpose of his business.    When the case was first presented to this court it appeared from the record that no issue had ever been arrived at in the court below, the defendant had not even filed a plea, but the parties had agreed upon certain facts, in the nature of a case stated, which they had submitted for the judgment of the court. The irregularity of this practice was called to the attention of the parties and, there being no dispute as to the facts, counsel being desirous of having the case disposed of upon its merits, they agreed upon certain amendments in the court below and the record now certified to

us shows an issue regularly formed, the admission upon the record by the defendant of certain facts as having been established by the testimony of witnesses, a demurrer by the defendant to the evidence, and a joinder of issue on the demurrer on the part of the Commonwealth. The learned judge of the court below adjudged the defendant guilty and sentenced him accordingly, from which judgment we have this appeal.

In criminal cases a demurrer to the evidence of the Commonwealth admits all the facts which the evidence tends to prove and all inferences reasonably deducible therefrom.    The admissions implied in the demurrer leave for consideration the single inquiry whether the evidence introduced presents such a state of facts, with the inferences fairly arising therefrom, as would support a verdict of guilty by a jury: Commonwealth v. Williams, in which an opinion was recently filed by our Brother Henderson, 71 Pa. Superior Ct. 311.    Applying this principle to the admissions of the defendant, the learned judge of the court below was fully warranted in finding the following facts: The appellant employed a large number of agents to solicit orders for intoxicating liquors by a house to house canvass in a number of the boroughs of the County of Mercer, Pennsylvania, and authorized said agents to agree with the persons from whom they received orders that the liquors would be delivered at the respective residences of the purchasers, in Mercer County.    Said agents succeeded in obtaining orders for large quantities of liquor and in the case of each sale contracted, as they were authorized by the defendant to do, that the goods should be delivered at the residence of the purchaser.    When the agents received the orders they took or transmitted them to the Jacobson Bros. Company, of which company this defendant was the manager, at Youngstown, Ohio.    The Jacobson Bros. Company then took from the stock in their warehouse at Youngstown, Ohio, a package containing the quantity of liquor corresponding to each order and to it attached a card.

The cards attached to some of the packages which were to be delivered at Sharon, Mercer County, had printed upon them the words "The Jacobson Bros. Company, Sharon, Pa.," and immediately following the words "The property of," and thereunder upon lines provided for that purpose, was written, the name, house number and street of the purchaser. The cards attached to some of the packages intended for Sharon had printed upon them "The Shenango Transfer Company, Sharon, Pa.," instead of "Jacobson Bros. Company" and thereunder, written the name, house number and street of the purchaser, indicating that the ultimate delivery of these packages was to be through the local transfer company, at Sharon.

The Jacobson Bros. Company, through this defendant, occupied a combined store and stable in the Borough of Sharon, Mercer County, to which large quantities of liquor, which had been ordered by different parties and to the packages containing which were attached cards bearing the printing and writing first above indicated, were taken in motor trucks, owned by the defendant and operated by his employees, from the wholesale store of the Jacobson Bros. Company in Youngstown, Ohio. Each package was stamped to indicate the contents of the package, and each package bore a tag, or card, upon which was printed, "The Jacobson Bros. Company, Sharon, Pa.," under which were the printed words "The property of," followed by the written name, street and house number of the purchaser of the liquor. When the liquor had thus been transported from the State of Ohio to Sharon, Pa., it was unloaded from large trucks by the employees of the defendant and the packages placed in said storeroom, and subsequently said packages were loaded on smaller trucks and wagons by the employees of the defendant in Sharon and by them delivered to the purchasers of the liquor at their respective residences in Sharon, Pennsylvania. The liquors which were to be finally distributed by "The Shenango Transfer Co.," at Sharon, Pa., were taken in the motor trucks owned by

the defendant and operated by his employees from the wholesale house in Youngstown to the storeroom of the defendant at Sharon and from there delivered by said local express company to the residences of the purchasers named upon the tags. Contracts of sale of a similar character were made by agents of the defendant in the Borough of Farrell, Mercer County, Pennsylvania, and executed by the delivery of the liquors to the residences of purchasers in that borough in the same manner in which the business was conducted at Sharon, with the exception that the final distribution of all the packages at Farrell was by a local express company, "The Rosenberg Transfer Co.," to the storeroom of which transfer company at Farrell the goods were taken by the motor trucks of the defendant, from Youngstown, Ohio. Louis Jacobson directed the soliciting of orders and the delivery of the liquor, in accordance with the contracts to the residences of the purchasers in Mercer County. Neither this defendant nor any of his employees nor any person connected with the business had a license to sell liquors in the County of Mercer or any other county of Pennsylvania.

An agreement to sell intoxicating liquor and to deliver it at the residence of the purchaser, without qualification, and a subsequent delivery of it at such residence is a sale at that place, and, unless the seller has a license to do so is a violation of law. This has been so often decided that further discussion of the question is unnecessary: Star Brewing Company's License, 43 Pa. Superior Ct. 577. It is, however, contended on behalf of this appellant that his business was interstate commerce and not subject to the operation of the laws of the State of Pennsylvania. The contracts made by the agents of this defendant for the delivery of liquors in Mercer County did not involve a criminal offense so long as they were unexecuted, but they were unlawful and could not be enforced. This defendant brought the liquors from the State of Ohio into the State of Pennsylvania with the intention and for the

purpose of delivering them to the purchasers and so completing a sale, which involved a direct violation of the law of Pennsylvania, he transported the liquors into this State intending to use them in a manner which was a violation of the law of the State. The Webb-Kenyon Act of Congress of March 1, 1913, took away from business of this character the protection of the interstate commerce clause of the Constitution. The constitutionality of that act was sustained by the Supreme Court of the United States in Clark Distilling Co. v. Western Maryland Ry. Co., 242 U. S. 311. As to the practical effect of that statute the court said: "The movement of liquor in interstate commerce and the receipt and possession and right to sell prohibited by the state law having been in express terms divested by the Webb-Kenyon Act of their interstate commerce character, it follows that if that act was within the power of Congress to adopt, there is no possible reason for holding that to enforce the prohibition of the state law would conflict with the commerce clause of the Constitution." This same question was considered by the court in the case of Commonwealth v. Hull, 65 Pa. Superior Ct. 450.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.