## Commonwealth *v.* Spear, Appellant.

*Criminal law—Conversion—Evidence—Lease—Act of May 18, 1917, P. L. 241.*

In a prosecution under Act of May 18, 1917, P. L. 241, for the fraudulent conversion of certain horses, leased to the defendant, it is proper to admit in evidence the leases under which defendant obtained possession of the horses. And this is so, even if the instruments were executed prior to the passage of the act.

The basis of the crime was the fraudulent conversion of the property, and if such conversion took place subsequent to the passage of the act, a conviction will be sustained, even though the possession of the property was acquired prior to that time.

Argued October 13, 1919.   Appeal, No. 224, October T., 1919, by defendant, from judgment of Q. S. Philadelphia Co., July Sess., 1918, No. 378, on verdict of guilty in the case of Commonwealth v. Solomon Spear. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Indictment for the fraudulent conversion of 35 horses under Act of May 18, 1917, P. L. 241.   Before MARTIN, J.

The facts appear in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed.   Defendant appealed.

*Errors assigned* were the admission in evidence of certain leases, referred to in the opinion of the Superior Court, and refusal to give binding instructions for the defendant.

*L. Arthur Greenstein,* for appellant.

*John H. Maurer,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY TREXLER, J., December 8, 1919:

The defendant was charged with fraudulent conversion under the Act of 18th of May, 1917, P. L. 241.   The testimony discloses that he obtained thirty-five horses from Hall, the horses being delivered to him under a number of leases, each containing a stipulation for the payment of rent, and providing that after a certain amount was paid, the defendant, for a small additional consideration, could purchase the animal or animals named in the lease.   The defendant failed to pay the rent.   He continued in default until at length he notified the bookkeeper of Hall that he should come to get the horses.   Defendant said he was down and out, and "you

can go ahead and help yourself. I got mine." There
were only three or four horses at defendant's place, only
one of which had been leased to him by Hall; the ap-
parent intention of the lessee being that Hall should
take the horses and sell them, and apply the proceeds to
the amounts owing under the leases. A few of the horses
died, but there is no doubt that the defendant failed to
return many of the horses to the owner.

The verdict of the jury settled the fact that the defend-
ant received the horses in his possession, that they be-
longed to Hall, that the latter was entitled to have them
back, at least all those that were still living, that he re-
ceived notice from the defendant to take them back, and
that defendant by reason of his having disposed of them
could not comply with the terms of the lease, because he
had wrongfully and fraudulently made use of them, or
of the proceeds of their sale.

The first assignment of error is directed to the ad-
mission of the leases, under which the defendant ac-
quired possession. Certainly the leases, which fixed the
relation of the parties were competent. If the objection
was intended to go to the lack of proof of the execution
by the subscribing witnesses thereto, it should have been
specifically stated. Subsequently, both the subscribing
witnesses were called, and testified that they were pres-
ent at the execution of the leases. There were certain
memoranda which accompanied the leases, or were en-
dorsed thereon, which were admitted in evidence. Ex-
amination of the record, as printed, shows that there
was no request for an exception. The assignment does
not set forth the memoranda: Commonwealth v. Wil-
liams, 71 Pa. Superior Ct. 311. The question is, there-
fore, not properly raised. It may be remarked that the
memoranda were not offered as serving the purpose of
books of original entry. They were merely a statement
of amounts paid on the leases. The witness who made
the memoranda was cross-examined by the defendant,
before the memoranda were offered in evidence, and part

of the contents had already been disclosed to the jury. There was no harm done the defendant by their admission.

The last assignment is the refusal of the court to give binding instructions for the defendant. The reason urged in support of this is that the horses were secured by the defendant prior to the Act of May 18, 1917, and that, therefore, there could be no conviction under said act. A reading of the act shows that the basis of the crime is the fraudulent conversion of the property, and the act we think applies where the possession was acquired before its passage, if the conversion took place after it. We have no doubt as to this, but if we were incorrect in our position, one of the leases in the case was made after the act. The indictment contains but one charge, and that is the fraudulent conversion of twenty-seven horses; proof of any less number will sustain the conviction: Commonwealth v. Dingman, 26 Pa. Superior Ct. 615.

This disposes of all the questions which are the proper subject of inquiry by this court. As we said before, the question as to whether there was a fraudulent conversion, was decided by the jury upon testimony which was sufficient to sustain the verdict.

All the assignments of error are overruled, the judgment is affirmed, and it is ordered that the defendant, appellant, appear in the court below at such time as he may be there called, and that he be by the court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.