## Commonwealth v. Ebersole.

*Fraudulent Conversion Act of May 18, 1917—Constitutional law.*
The 3rd section of the Fraudulent Conversion Act of May 18, 1917, P. L. 241, is for the purpose of making it plain that none of the prior acts are repealed, and does not vitiate the provisions of the act itself.

Indictment for fraudulent conversion. Demurrer and motion to quash. Q. S. Lancaster Co., Nov. Sess., 1921, No. 15.

*Harold G. Ripple* and *John M. Groff*, for demurrer and motion.

*F. Lyman Windolph, F. S. Groff* and *William C. Rehm*, District Attorney, contra.

LANDIS, P. J., Dec. 24, 1921.—The indictment in this case charges that the defendant, "having received and having in his possession an Overland sedan automobile, the property of Edward N. Myers, for the purpose of selling the same, did thereupon sell the said automobile to Guy Gochenauer for the sum of $200 in cash and a Ford sedan automobile to boot, which said proceeds of sale the said Edward N. Myers was entitled to receive and have," and "did unlawfully and fraudulently withhold, convert and apply the proceeds of said sale to and for his own use and benefit."

The Act of May 18, 1917, P. L. 241, is "An act making the fraudulent conversion of property, or the proceeds of property, a misdemeanor, prescribing the penalties therefor, and regulating the procedure therein." The 1st section of it declares "that any person having received or having possession, in any capacity or by any means or manner whatever, of any money or property, of any kind whatsoever, of or belonging to any other person, firm or corporation, or which any other person, firm or corporation is entitled to receive and have, who fraudulently withholds, converts or applies the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, shall be guilty of a misdemeanor." The 3rd section of the act provides that "it is the true intent and meaning of this act to define and punish a distinct and separate misdemeanor; and this act shall in no wise repeal or alter any statute relating to any felony or misdemeanor heretofore defined and punished by the laws of this Commonwealth." While it is claimed by the defendant that this act is unconstitutional, no valid reasons are given for such a contention.

In Com. *v.* Spear, 73 Pa. Superior Ct. 205, it was held that "the basis of the crime" under it "was the fraudulent conversion of the property, and if such conversion took place subsequent to the passage of the act, a conviction will be sustained, even though the possession of the property was acquired prior to that time."

Also, in Com. *v.* MacDonald, 74 Pa. Superior Ct. 357, where a defendant was tried "before the same jury upon two separate bills of indictment involving the same transaction, the first under the Act of March 31, 1860, P. L. 382, for converting and appropriating money of a corporation to his own use while acting as agent, and the second containing two counts, the first of which includes the allegation of agency, and the second, under the Act of May 18, 1917, P. L. 241, merely charging fraudulent conversion, and a general verdict of guilty on both counts is rendered," it was held that the conviction should be sustained.

In Com. *v.* Altland, 30 Dist. R. 1078; 37 Lanc. Law Rev. 13, where a defendant had an account in a bank, and was there credited with a sum of money deposited by another, and refused to return the amount when notified,

Commonwealth v. Ebersole.

it was held by this court that he could be properly convicted under the Act of 1917.

We are of the opinion that there is no merit in the reasons filed. The 3rd section of the Act of 1917 is for the purpose of making it plain that none of the prior acts are repealed, but it does not vitiate the provisions of the act itself.

The demurrer is overruled and the motion to quash dismissed.

From George Ross Eshleman, Lancaster, Pa.