Com. of Pa., Appellant, v. Kolsky.

Argued November 10, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham and Whitmore, JJ.

*Charles F. Kelley,* Assistant District Attorney, and with him *John Monaghan,* District Attorney, for appellant.

*Morris Wolf,* and with him *David S. Malis,* for appellee.

OPINION BY GAWTHROP, J., January 30, 1931:

Defendant was indicted with four other persons for conspiracy to cheat and defraud the Denckla Building and Loan Association out of $10,000 in a transaction whereby the association was induced to make a second mortgage loan in that sum on a property located in the City of Philadelphia. At the conclusion of the Commonwealth's evidence and after it closed its case, defendant entered a general demurrer to the evidence. The Commonwealth did not formally join in the demurrer, nor refuse to do so, as it might have done, and insist on a jury trial (Com. v. Smith, 97 Pa. Superior Ct. 157), but tacitly acquiesced in the demurrer by making no objection to the court's withdrawing the case from consideration by the jury. Later the court sustained the demurrer and discharged defendant without day. The Commonwealth appeals.

The first question presented is whether the Commonwealth can appeal from a judgment of acquittal entered against it by the court on a defendant's general demurrer to the evidence. The question is not an open one in this state. It was answered in the affirmative in Com. v. Parr, 5 W. & S. 345, in which the Commonwealth appealed from a judgment of acquittal entered by the quarter sessions on a demurrer to the evidence, and the Supreme Court reversed the judgment of the court below, rendered judgment against the defendant, and remitted the record in order that the court below might pass sentence on him. The report of the case shows that the single question raised on appeal was whether or not the writ of error to review the decision of the court of quarter sessions upon the demurrer would lie. The situation of a defendant who has judgment in his favor on his demurrer to the evidence

in a criminal case is similar to that of a defendant who has a determination by the court in his favor after the finding of a special verdict by which the facts are put on record and the law is submitted to the court. A determination for the defendant is not final but is subject to review by the appellate court, which may reverse and enter judgment for the Commonwealth: SADLER on Criminal Practice and Procedure, page 439. Our Supreme Court has uniformly held that "for error in quashing an indictment, arresting judgment after verdict of guilty, *and the like,* the Commonwealth may remove the record for review." See Com. v. Wallace, 114 Pa. 405, 411. In our opinion a judgment for a defendant on demurrer to the evidence is "like" one quashing an indictment or arresting judgment. No issues of fact are involved, but only a question of law. For on a demurrer to the evidence, every fact which the jury could infer in favor of the party offering it, from the evidence demurred to, is to be considered as admitted: Com. v. Parr, supra, page 347. "In criminal cases demurrer to the evidence of the Commonwealth admits all the facts which the evidence tends to prove, and all inferences reasonably deducible therefrom ...... The court in such case is not the trier of the facts. The admissions implied in the demurrer leave for consideration the single inquiry whether the evidence introduced presents such a state of facts, with the inferences fairly arising therefrom, as would support a verdict of guilty": Com. v. Williams, 71 Pa. Superior Ct. 311, 313. Our conclusion is that the Commonwealth has the right to have this judgment reviewed on its appeal.

As to the remaining question, whether the court below was justified in sustaining the demurrer, we have examined the evidence with care, in the light of the able oral argument and the exhaustive brief of the Commonwealth, and are of one mind that the reasons

given by the learned trial judge are sufficient to justify the judgment. The evidence tending to connect appellant with the conspiracy was wholly circumstantial. The facts which may be inferred from it do not exclude to a moral certainty every hypothesis but that of his guilt and are not inconsistent with his innocence. It follows that the evidence was insufficient to establish his guilt beyond a reasonable doubt. See Com. v. Exler, 61 Pa. Superior Ct. 423; Com. v. Byers, 45 Pa. Superior Ct. 37. This was the conclusion of the court below, and with it we agree. A discussion of the evidence by us would serve no useful purpose.

The judgment is affirmed.