Opinion by
 

 Boss, J.,
 

 In this criminal ease the Commonwealth has appealed from the sustaining of defendant’s demurrer to the evidence produced at a trial on an indictment for cheating by fraudulent pretense.
 

 On January 10, 1939, the defendant, then a resident of Erie County, applied for public assistance from the Erie County Board of Assistance of the Commonwealth of Pennsylvania, on a signed and sworn application, and as a result of the application was granted assistance for herself and five children. In July 1942 she moved to Crawford County and in order to have her assistance continued in that county, executed on August 13, 1942 a “supplement” to her original application, and on August 27, 1947 she signed another “supplement to an original application” and executed in connection therewith an affidavit. She was employed by one Kessler from October 1, 1945 until June 22, 1948, during which time she was paid approximately $2,500.00 in wages. During that period of time she received $3,740.80 in assistance, but had she reported her employment she would have received only $1,473.50. This prosecution resulted from the defendant’s employment by Kessler and the receipt
 
 *216
 
 of wages from him, she being indicted for receiving |2,267.30 by fraudulent pretense.
 

 The indictment was drawn under Section 836 of the Act of June 24, 1939 (The Penal Code) P. L. 872, 18 PS 4836 as amended, which provides in part: “Whoever, by any false pretense . . . obtains from any ■ other-person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, . . . is guilty of a felony.” “A criminal false pretense has been said to be The false representation of an existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does, in fact, deceive, and by means of which one person obtains value from another without compensation’: Com. v. Goldberg et al., 130 Pa. Superior Ct. 252, 260, 196 A. 538, 542. In order to bring a case within the statute, the following elements must co-exist: (1) a false pretense; (2) an obtaining of property or something of value thereby; (3) an intent to defraud.”
 
 Com. v. Gross,
 
 161 Pa. Superior Ct. 613, 618, 56 A. 2d 303, 306.
 

 In determining whether the learned court below erred in sustaining the defendant’s demurrer, we are concerned solely with the question whether the Commonwealth produced any evidence of a “false representation of an existing fact”. There is no evidence of such misrepresentation “by oral . . . words or conduct”, and if there is one by “written words” it must be based upon the original application for relief executed on January 10, 1939. In connection with the application the defendant executed an affidavit which averred “that the foregoing statements in this application are true and correct and complete. That no facts which should have been contained therein have been omitted . . .” As part of her “supplement to an original application” of August 27, 1947, the defendant executed in connection therewith an affidavit averring “that the statements made by
 
 *217
 
 . . . her in . . . her last Application for Assistance dated [blank] were true and correct, and that no facts which should have been contained therein were omitted as of that date, that the statements made are still true and correct, and that there is no change in any of the facts contained in the application, except as follows:” (The exceptions are not material in this case.) The question arises: Were the statements and the facts set forth in the original application of January 10, 1939 still true when the defendant executed the affidavit of August 27, 1947?
 

 In view of the fact that it was shown that the defendant was employed when she executed the affidavit on August 27, 1947, the Commonwealth contends that the facts on that date were not the same as the facts set forth in the original application and, therefore, her affidavit that “there is no change in any of the facts contained in the application” is a fraudulent representation of an existing fact. The difficulty with the Commonwealth’s position is that while the application of January 10, 1939 contains, inter alia, questions and answers relative to present and former addresses of the defendant, “household composition”, references and resources at the time of application, it contains no reference whatsoever to the employment or unemployment of the defendant at that time. As stated by the learned court below: “It does not appear from the application that she was asked or that she answered any question concerning her employment. . . . There was, therefore, no representation made whatsoever at the time this application was taken as to any employment on the part of this defendant.”
 

 The Commonwealth also introduced into evidence cancelled checks issued by the Pennsylvania Department of Public Assistance to the defendant covering the period of time from October 11,1945 through July 13,1948. On the reverse side of each of these checks and above the
 
 *218
 
 indorsement of the defendant, the following statement appeared: “In consideration of the issuance of this check by the Commonwealth of Pennsylvania, under the Pennsylvania Public Assistance Law which penalizes the obtaining of assistance through misrepresentation, I hereby certify that I have notified my county board of assistance of
 
 all changes in the facts
 
 as stated in my application which would affect my eligibility.” (Italics supplied.) Since there were no “changes in the facts” shown, the statements on the checks are in the same category as the affidavit of August 27, 1947, and would not support a finding of false representation. In
 
 Com. v. Miller,
 
 39 D. & C. 433, cited by the Commonwealth, in which a relief recipient was found guilty of false pretense based on a statement on his relief checks which appeared above his signature, the statement contained in part the following: “that neither I nor any member of my family has any employment . . . which I have not reported to said board.” In that case a member of the defendant’s family was employed and the defendant had not reported that employment to the Board of Public Assistance, and, therefore, the statement was a clear misrepresentation.
 

 The indictment charges that the defendant falsely pretended that “she was eligible and entitled to receive assistance from the Department of Public Assistance of the Commonwealth of Pennsylvania, whereas in truth and in fact she . . . was not eligible for assistance.” The Commonwealth contends that because the defendant was employed she was not eligible for assistance. There is, of course, no merit in this contention. One may be employed and still eligible for assistance in Pennsylvania, depending on the amount of wages received from the employment, the needs of the family and other factors. Even here, the Commonwealth admits that the defendant was entitled to receive
 
 some
 
 assistance during her period of employment; the testimony is only that
 
 *219
 
 she received more than she would have received had her employment been known to the Department of Public Assistance.
 

 The Commonwealth offered to prove by an employee of the Department “that she visited the defendant in May 1946 when the defendant was receiving public assistance and the witness asked the defendant at that time if she had any other income and the defendant replied she did not have”. An objection to this offer of testimony was sustained by the trial judge, and his ruling is assigned as error. However, in determining the validity of a demurrer in a criminal ease the test is whether the evidence of record would support a verdict of guilty, and even assuming that the trial court erred in excluding the offered testimony, such error is not before us.
 
 Com. v.
 
 Frank, 159 Pa. Superior Ct. 271, 48 A. 2d 10.
 

 From our examination of the record in this case, it is our opinion that the Commonwealth failed to present evidence that would support a verdict of guilty, and, therefore, the trial court did not err in sustaining defendant’s demurrer.
 

 Order affirmed.