Commonwealth, Appellant, *v.* Poundstone.

Argued December 13, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Philip P. Kalodner*, Deputy Attorney General, with him *Harry A. Heilman, Jr.*, District Attorney, and *David Stahl*, Attorney General, for Commonwealth, appellant.

*Thomas R. Eddy*, for appellees.

OPINION BY WOODSIDE, J., March 19, 1963:

The Commonwealth has appealed from the orders sustaining the demurrers made by the defendants who were tried on the charges of bribery and conspiracy.

In the course of the trial, the Commonwealth offered certain evidence which the court refused to admit. At the conclusion of the Commonwealth's evidence, a demurrer was interposed in each case. The court sustained the demurrers, and subsequently refused to remove them.[1]

Without the evidence which the Commonwealth offered and which the court refused to admit, there is insufficient evidence to support a conviction of any of the defendants on any of the charges. The Commonwealth admits this, but appeals on the ground that the trial judge erred in its rulings on the evidence, and that there would have been sufficient evidence to submit the case to the jury had not the court erred in its rulings on the evidence.

It is settled that on an appeal by the Commonwealth from an order sustaining a demurrer to the Commonwealth's evidence, our review is limited to an examination of the record to determine whether there was sufficient evidence to convict.

---

[1] In *Commonwealth v. Fox*, 181 Pa. Superior Ct. 292, 299, 124 A. 2d 628 (1956), President Judge RHODES speaking for this Court said: "The fact that an order sustaining a demurrer is final for purposes of appeal precludes any further action on the matter by the lower court."

The identical question here presented was carefully examined in *Commonwealth v. Frank,* 159 Pa. Superior Ct. 271, 48 A. 2d 10 (1946), where on pages 277, 278, Judge BALDRIGE, speaking for a unanimous court, said: "The commonwealth may appeal also where the judge has sustained defendant's demurrer, which raised the pure legal question of the sufficiency of the proof to support the crime charged: Commonwealth v. Kolsky, 100 Pa. Superior Ct. 596, 599; Commonwealth v. Shiroff, 131 Pa. Superior Ct. 565, 200 A. 204; Commonwealth v. Obenreder, supra, p. 255. The difficulty that confronts the commonwealth is that concededly a case was not made out on the testimony actually received. Viewing it only, the trial judge had no alternative than to sustain the demurrer. Should the testimony offered by the commonwealth at side bar, and rejected by the trial judge, have been considered? Our answer to that question is in the negative. The proper test to apply to the validity of a demurrer is whether the 'evidence of record' (Commonwealth v. Ernesto, 93 Pa. Superior Ct. 339, 341, 342), the 'admitted state of facts' (Commonwealth v. Kerr, supra, p. 601), the 'evidence produced' (Commonwealth v. Williams, 71 Pa. Superior Ct. 311; Commonwealth v. Kolsky, supra, p. 599), and 'all the facts testified to and the inferences reasonably drawn therefrom' (Sadler, Criminal Procedure in Pennsylvania, Vol. II, §541, pp. 611, 612), would support a verdict of guilty. See, also, Chitty on Criminal Law (5th American Ed., 1847), Vol. I, p. 623. Even assuming the commonwealth's contention is correct, 'the error, if any, was in the exclusion of evidence on the trial.' Commonwealth v. Obenreder, supra, p. 256."

In *Commonwealth v. Thomas,* 166 Pa. Superior Ct. 214, 219, 70 A. 2d 458 (1950), this Court said: "An objection to this offer of testimony was sustained by the trial judge, and his ruling is assigned as error. However, in determining the validity of a demurrer in a

criminal case the test is whether the evidence of record would support a verdict of guilty, and even assuming that the trial court erred in excluding the offered testimony, such error is not before us."

As recently as last year we cited, quoted from, and approved the holding of *Commonwealth v. Frank*, supra, in an appeal by the Commonwealth from the sustaining of a demurrer. *Commonwealth v. McDade*, 197 Pa. Superior Ct. 522, 525, 180 A. 2d 86 (1962).

The Commonwealth admits that unless we overrule *Commonwealth v. Frank*, supra, 159 Pa. Superior Ct. 271, 48 A. 2d 10 (1946), it cannot prevail in this appeal. The doctrine of stare decisis, recognized and applied by the courts of this Commonwealth, is among the most important principles of good government. *Monongahela Street Railway Co. v. Philadelphia Company*, 350 Pa. 603, 616, 39 A. 2d 909 (1944); *Callender's Administrator v. Keystone Mutual Life Insurance Co.*, 23 Pa. 471, 474 (1854). Rules of law, carefully considered and definitely established, should not be lightly discarded. If the courts are to wave like wheat in the wind, the whims of the particular judges of the moment and not rules of law will control the destinies, lives and fortunes of our people. "Stare Decisis should not be trifled with. If the law knows no fixed principles, chaos and confusion will certainly follow." *Commonwealth v. Woodhouse*, 401 Pa. 242, 253, 164 A. 2d 98 (1960).

Arguments for and against the rule followed, or promulgated, in *Commonwealth v. Frank*, supra, can be revived, examined and re-examined, but an established rule should not be rejected except for solid, cogent and convincing reasons. *Commonwealth v. Woodhouse*, supra, p. 253. We have carefully examined the ingenious and learned argument made by the Deputy Attorney General, as well as the cases to which he has called our attention, but we are not convinced that the established rule is invalid or undesirable.

The appellees have filed motions to quash the appeals. However, the Commonwealth may appeal from the sustaining of a demurrer. Therefore, the motions to quash must be dismissed. Considering the record which is before us, we find insufficient evidence to support a conviction, and thus must affirm the demurrer. As stated above, the rulings of the trial court on the admission of evidence are not before us.

Orders affirmed.

---

DISSENTING OPINION BY WRIGHT, J.:

These appeals raise an important question of criminal procedure. May the Commonwealth secure appellate review of rulings by the trial court on the admissibility of evidence, where exclusion of the evidence has resulted in the sustaining of a demurrer. I am strongly of the opinion that, in the interest of the proper administration of justice, the Commonwealth should have this right. The majority opinion asserts that the point is ruled to the contrary by *Commonwealth v. Frank*, 159 Pa. Superior Ct. 271, 48 A. 2d 10. If that be so, the *Frank* case should be overruled. The admissibility of evidence is a question of law. Where the trial court does not agree with the Commonwealth's position on a question of law, "it should endeavor to dispose of the proceeding in a manner, such as the sustaining of a demurrer, which would preserve the Commonwealth's right of appeal": *Commonwealth v. Lodge No. 148 L. O. O. M.*, 188 Pa. Superior Ct. 531, 149 A. 2d 565.

---

DISSENTING OPINION BY MONTGOMERY, J.:

I cannot concede that the case of *Commonwealth v. Frank*, 159 Pa. Superior Ct. 271, 48 A. 2d 10, strongly relied on by the majority, precludes a review of the

rulings of the lower court preventing the admission of evidence which might have made out a prima facie case for the Commonwealth. In that case certain witnesses necessary to the Commonwealth's case were supported in their stand, on constitutional rights, to refuse to testify. President Judge BALDRIGE of this Court, reviewed the actions of the lower court at great length and concluded that (page 273), "We are of the opinion that the court's conclusion is correct." Consequently, it affirmed the judgment, since the record was insufficient without that evidence.

There, the issue was whether the testimony of witnesses who were associated with the defendant in the operation of a lottery and who claimed their constitutional privilege against self-incrimination was properly excluded by the trial court. It is obvious that this Court had to consider the excluded evidence to determine whether the trial court was correct in its refusal to order the witnesses to testify on the grounds of constitutional privilege, but there was no logical reason to declare as a general rule that such review of a lower court's exclusion of evidence upon a demurrer in a criminal proceeding to be improper.

In the present case, the Commonwealth is asking this Court to do precisely the same thing, that is, review the actions of the lower court. It seeks to establish that the rulings of the lower court, in excluding evidence, were erroneous, and that if such evidence had been admitted, it, together with the admitted evidence, would have been sufficient to establish a prima facie case.

I concede that the circumstances where the Commonwealth may appeal in criminal cases are limited, but I find no authority to support the proposition that a trial judge may, by his errors, limit the record which may be subject to review on an appeal by the Commonwealth from the actions of the lower court in sustain-

ing a demurrer to the evidence offered by the prosecution.

*Commonwealth v. Frank,* supra, finds no support in the very authorities upon which it relies for the interpretation derived from it by the majority. *Commonwealth v. Obenreder,* 144 Pa. Superior Ct. 253, 19 A. 2d 497, was a case of an acquittal; *Commonwealth v. Shiroff,* 131 Pa. Superior Ct. 565, 200 A. 204, involved the sufficiency of the admitted testimony to support necessary inferences. In *Com. of Pa. v. Kolsky,* 100 Pa. Superior Ct. 596, the Commonwealth's evidence was wholly circumstantial and the inferences to be drawn were not inconsistent with the defendant's innocence. In *Commonwealth of Pennsylvania v. Ernesto,* 93 Pa. Superior Ct. 339, the question was whether the evidence was sufficient to support the conclusion that the illegal acts of the defendants were the cause of the crime for which the defendants had been indicted. In *Commonwealth v. Kerr,* 150 Pa. Superior Ct. 598, 29 A. 2d 340, the trial court, after sustaining defendant's demurrer, erred in directing the jury to find a verdict of not guilty. In *Commonwealth v. Williams,* 71 Pa. Superior Ct. 311, the question was whether the court could draw a conclusion after a demurrer which a jury might have inferred from the evidence. In *Commonwealth v. Heller,* 147 Pa. Superior Ct. 68, 24 A. 2d 460, the trial court was of the erroneous opinion that after it had overruled a demurrer to the Commonwealth's evidence and the defendants had taken the stand and offered other evidence, the case resulting in a jury verdict of guilty, the trial court could reconsider its action on the demurrer, sustaining it and discharging the defendants. In *Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 200 A. 274, it was held that in entering a judgment n.o.v. the judgment must be entered on the evidence in the record and the court may not consider evidence that was excluded. However, up-

on appeal, this Court did consider the excluded evidence and the propriety of the court in its consideration of it. In *Henry Shenk Company v. Erie*, 352 Pa. 481, 43 A. 2d 99, the defendant's motion for judgment n.o.v. was properly refused where the motion was predicated upon the record of former viewers' proceedings which were not admitted in evidence until after the close of trial and the return of the jury's verdict.

None of these cases are concerned with the determination of the validity of a demurrer in a criminal case where evidence has been excluded as inadmissible. The case of *Commonwealth v. Thomas*, 166 Pa. Superior Ct. 214, 70 A. 2d 458, is directly in point, and states that in such a case excluded evidence, even if error, cannot be considered on review. However, the only case cited in the opinion for this declaration is *Commonwealth v. Frank*, supra, which I do not believe to be in point or even inferentially a basis for this conclusion.

Preventing the Commonwealth from appealing the exclusion of evidence resulting in the sustaining of a demurrer and the discharge of the defendants is not justified either by the established principles of law permitting the Commonwealth to appeal all questions of law where there has been no verdict of acquittal or policy considerations which insulate the defendant after an acquittal by the trier of fact.

I therefore respectfully dissent.

FLOOD, J., joins in this dissent.