J-A12023-24

2024 PA Super 215

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| EBBONI L. GASPARD | : | |
| Appellant | : | No. 2977 EDA 2023 |

Appeal from the Judgment of Sentence Entered November 16, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000358-2022

BEFORE: PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

OPINION BY KING, J.:                        **FILED SEPTEMBER 17, 2024**

Appellant, Ebboni L. Gaspard, appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas, following her jury trial convictions for theft by deception and false swearing.[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 2020, Appellant was a tenant of the Monroe County Housing Authority ("Authority") Section 8 program. Jozie Castaldo, the Section 8 coordinator for the Authority, was assigned as Appellant's caseworker. In July 2021, Appellant contacted Ms. Castaldo because she had been given a notice to vacate by her landlord and wanted to move to a different Section 8 rental. Ms. Castaldo helped Appellant prepare the transfer paperwork, and provided

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3922 and 4903.

Appellant with recertification paperwork that was required prior to approval for a new unit. The recertification required Appellant to disclose any change in income.

When Ms. Castaldo contacted Appellant to request missing documents, Appellant's voicemail identified the number as the "Above the Bar Soap Company." Appellant later confirmed to Ms. Castaldo that "Above the Bar Soap Company" was her business. Upon further investigation, Ms. Castaldo discovered that Appellant had never disclosed the soap business or any other self-employment income, even though Appellant had signed notice of a policy requiring her to report all income changes within five days of the date of the change in income, or any increase in income regardless of the source.

When Ms. Castaldo questioned Appellant about the lack of disclosure, Appellant claimed that the business was only a hobby. However, Appellant listed the company on her LinkedIn page, and Facebook pages showed storefront retail locations of the Above the Bar Soapery business, including shelves of products and commercial soapmaking equipment, as well as Appellant's travel trailer which she used to sell the products at flea markets. Appellant also rented storage facilities for her business. Appellant subsequently provided Ms. Castaldo with receipts of her gross income, but no records of her expenses, income tax returns, or any other records of other profits and losses.

The total housing benefit paid to Appellant's landlord from March 2017,

when she received housing voucher benefits, until June 2021, through the recertification process, was $65,826.00.

The Commonwealth ultimately charged Appellant with the above-mentioned crimes and the matter proceeded to a jury trial. At trial, Appellant admitted to operating the business during the time she had received Section 8 benefits through the Authority, but she claimed that the money she made was solely used to pay business expenses. (N.T. Trial, 6/13/23, at 113-31). Appellant testified that she did not take a salary. (*See id.*)

On June 13, 2023, the jury convicted Appellant of theft by deception (false impression) and false swearing. The court sentenced Appellant to an aggregate term of two years of probation on November 16, 2023. On November 21, 2023, Appellant timely filed a notice of appeal. On November 22, 2023, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and Appellant timely complied.

Appellant raises the following issue for our review:

> Whether the [trial] court erred, and whether there was insufficient evidence at trial to convict Appellant of count 1, theft by deception (F3) because, like the case in **Commonwealth v. Thomas**, 70 A.2d 458 (Pa.Super. 1950), the testimony only showed that Appellant provided false information, but did not show that Appellant actually obtained any property or benefit by giving that false information, or that she would otherwise not have been entitled to the Section 8 housing assistance that she received based upon the correct and truthful information?

(Appellant's Brief at 6).

Appellant argues that it was the Commonwealth's burden to prove she

- 3 -

received housing benefits in excess of what she would have received if she had disclosed her business income. Appellant asserts that she may have been entitled to Section 8 benefits even if she had disclosed her business income, depending on her net income. Appellant claims the Commonwealth did not provide any evidence regarding the amount of Section 8 benefits to which Appellant was entitled. Appellant concludes the Commonwealth presented insufficient evidence to sustain her conviction for theft by deception,[2] and this Court must grant relief. We disagree.

Appellate review of a challenge to the sufficiency of the evidence is governed by the following principles:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

_____

[2] Appellant does not challenge her conviction for false swearing on appeal.

- 4 -

*Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005) (quoting

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa.Super. 2003)).

The Pennsylvania Crimes Code defines theft by deception as follows:

> **(a) Offense defined.**—A person is guilty of theft if [s]he intentionally obtains or withholds property of another by deception.  A person deceives if [s]he intentionally:
>
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that [s]he did not subsequently perform the promise;
>
> (2) prevents another from acquiring information which would affect [her] judgment of a transaction; or
>
> (3) fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom [s]he stands in a fiduciary or confidential relationship.
>
> **(b) Exception.**—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

18 Pa.C.S.A. § 3922.  Thus, "[a] person is guilty of theft by deception if [s]he

intentionally obtains property from another by deception.  The Commonwealth

must prove that the victim relied upon the false impression."

*Commonwealth v. McSloy*, 751 A.2d 666, 669 (Pa.Super. 2000), *appeal*

*denied*, 564 Pa. 728, 766 A.2d 1246 (2000).  Further, except where a

defendant may be held strictly liable for committing an offense, "guilty

knowledge or criminal intent is elemental to any misdeed[.]  Criminal intent

may be established by direct or circumstantial evidence" and may further "be inferred from acts or conduct or the attendant circumstances." **Commonwealth v. Grife**, 664 A.2d 116, 122 (Pa.Super. 1995), *appeal denied*, 544 Pa. 654, 676 A.2d 1196 (1996) (holding that Commonwealth presented sufficient evidence to sustain appellant's conviction for theft by deception where appellant prevented lenders from acquiring information which would have affected their judgment about loan transactions).

In **Thomas, supra**, the defendant applied for public assistance for herself and her children. During the time she was receiving benefits, the defendant was employed and received wages such that the defendant obtained more assistance than she would have had she properly reported her employment. The Commonwealth charged the defendant with what was known at the time as false pretense. In its analysis, this Court focused on whether the Commonwealth had produced any evidence of a "false representation of an existing fact."[3] **See id.** Notably, when the defendant executed the affidavit for public assistance, the affidavit asked many questions about household composition, resources, and references, but did not ask

---

[3] At the time, the Penal Code provided: "Whoever by any false pretense…obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, is guilty of a felony." **Thomas, supra** at 459. Further, the law defined a false pretense as "the false representation of an existing fact, whether by oral or written words or conduct, which is calculated to deceive, intended to deceive, and does, in fact, deceive, and by means of which one person obtains value from another without compensation." **See id.**

about employment or unemployment of the defendant at the time. Ultimately, this Court concluded:

> The indictment charges that the defendant falsely pretended that "she was eligible and entitled to receive assistance from the Department of Public Assistance of the Commonwealth of Pennsylvania whereas in truth and in fact she…was not eligible for assistance." The Commonwealth contends that because the defendant was employed she was not eligible for assistance. There is, of course, no merit in this contention. One may be employed and still eligible for assistance in Pennsylvania, depending on the amount of wages received from the employment, the needs of the family and other factors. Even here, the Commonwealth admits that the defendant was entitled to receive **some** assistance during her period of employment; the testimony is only that she received more than she would have received had her employment been known to the Department of Public Assistance.

*Id.* at 460 (emphasis in original). Therefore, because the affidavits that the defendant signed did not require her to disclose her employment or unemployment, this Court held there was no false statement or misrepresentation based on the defendant's failure to disclose her employment or any changes to her employment status. *See id.*

Instantly, Appellant's reliance on *Thomas* is misplaced. In *Thomas*, the defendant had signed a certification that did **not** require her to disclose her employment; here, Appellant signed a certification that specifically required her to report **all changes in income**, as well as **any increase in income regardless of the source of income**. (*See* N.T. Trial at 32, Commonwealth's Ex. 1). Thus, the facts of *Thomas* are readily distinguishable from the case at bar. **Compare Thomas, supra**.

Here, the record confirms that Appellant intentionally withheld reporting a source of income to the Authority despite her signed certifications that she would report **any** changes in income from any source, and that the Authority relied on Appellant's statements when awarding her Section 8 housing. **See** 18 Pa.C.S.A. § 3922(a)(1); **McSloy, supra**; **Grife, supra**. As the trial court observed, the Authority could not investigate whether Appellant had a net income from self-employment if it was not put on notice of that employment. (**See** Trial Court Opinion, filed 12/19/23, at 8). By failing to disclose her business income, Appellant prevented the Authority from acquiring information which might have affected her entitlement to Section 8 housing, and the Authority paid a housing benefit on Appellant's behalf. **See** 18 Pa.C.S.A. § 3922. Thus, viewing the evidence in the light most favorable to the Commonwealth as the verdict-winner, the evidence was sufficient to sustain Appellant's conviction for theft by deception. **See Jones, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/17/2024

- 8 -