## Steimling *v.* Bower, Appellant.

*Malicious prosecution—Probable cause—Larceny.*

On an indictment for malicious prosecution, it appeared that defendant was the owner of a farm which was crossed by a creek.   Along the shores, and in the bed of the creek, particles of coal and culm had been deposited, being carried down by the current and the flood, from mines further up the stream.   Plaintiff, descending the stream in a flat boat, entered upon the lands of the defendant, and began to gather coal from the surface.   He was provided with a scoop or shovel made of strong wire or iron, with which he gathered up the coal.   The sand and gravel passed through the meshes of the scoop, leaving the pieces of coal within it.   When the gravel was all sifted out, the clean coal was emptied upon the flat boat.   This process was continued until a boat load was obtained.   The boat was then towed or pushed to some bins belonging to plaintiff, and afterwards delivered to purchasers, or taken for consumption from the bins.   Defendant prosecuted plaintiff for larceny, but at the trial the jury rendered a verdict of not guilty under binding instructions from the court.   *Held*, that defendant had shown probable cause, and that plaintiff was not entitled to recover in an action for malicious prosecution.

Argued May 22, 1893.   Appeal, No. 46, July T., 1893, by defendant, Jacob Bower, from judgment of C. P. Northumberland Co., Feb. T., 1893, No. 163, on verdict for plaintiff, John Steimling.   Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for malicious prosecution.

The facts appear in Com. v. Steimling, the preceding case.

Defendant's point was among others as follows:

" 3. Plaintiff has failed to show want of probable cause and malice on the part of Jacob Bower, therefore he is not entitled to recover in this suit. *Answer:* This we do not affirm. We do not say to you that the plaintiff has failed to show want of probable cause. We have already instructed you that under the evidence in this case the plaintiff has shown it. We do not say to you that the plaintiff has failed to show malice on the part of Jacob Bower, neither do we say to you that the plaintiff has shown it, but we submit that question to you as to whether he has or has not shown malice on the part of Jacob Bower, under all the evidence in this case." [4]

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned* was (4) instruction, quoting it.

*S. B. Boyer, C. B. Witmer* with him, for appellant, cited: 14 A. & E. Enc. L. 28; Reynolds v. DeGeer, 13 Ill. Ap. 113; Nebenzahl v. Townsend, 61 How. Pr. 353; Howell v. Edwards, 8 Ired. 516; Dietz v. Langfitt, 63 Pa. 234; Bernar v. Dunlap, 94 Pa. 331; Gilliford v. Windel, 108 Pa. 142; Cooper v. Hart, 147 Pa. 594; McClafferty v. Philp, 151 Pa. 86; McCarthy v. DeArmit, 99 Pa. 69; Travis v. Smith, 1 Pa. 234; Fisher v. Forrester, 33 Pa. 501.

No book filed for appellee.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893:

This case grows out of the Commonwealth v. John Steimling, in which an opinion is filed herewith. That was a prosecution for the larceny of anthracite coal, in which the learned judge of the court below directed the jury to render a verdict of not guilty, for the reason that the facts relied on by the commonwealth as justifying a conviction were wholly insufficient for that purpose, and amounted to a simple trespass and no more. After the verdict was rendered, this action was brought to recover damages for an alleged malicious prosecution. Bower

defended on the ground that, even if mistaken as to the legal value of the facts, they afforded probable cause for instituting the prosecution.

The learned trial judge overruled this defence and instructed the jury in effect that as the facts charged did not amount to larceny they afforded no probable cause for the prosecution; and that this fact was evidence upon the question of the existence of malice in the mind of the prosecutor against the defendant. Upon this view of the case the jury found for the plaintiff. We have decided that the learned judge was mistaken in his view of the case of Commonwealth v. Steimling, and that instead of directing a verdict in favor of the defendant he should have submitted the case to the jury. The same error that led to a binding instruction in that case is the basis of the instruction complained of in this, and requires us to reverse the judgment. A conviction might have been had on the facts disclosed in the prosecution for larceny. This being so, it is clear that it was error to tell the jury that the defendant had failed to show probable cause, and that the facts showed on the other hand that no probable cause existed. What the result of the criminal case might have been if it had been submitted to the jury we cannot tell.

If the defendant in that case had been convicted no one would pretend that this action could be maintained. On a consideration of all the facts we are not disposed to direct a venire facias de novo, but the judgment of the court below is reversed.