## Commonwealth of Pennsylvania, Appellant, v. Ira G. Coble.

*Appeals—Jurisdiction, Superior Court—Error in charge where prisoner acquitted.*

Where a prisoner has been acquitted by the jury of a criminal charge, the appellate court has no power or jurisdiction to examine an appeal to the rulings of the trial judge, and declare whether they were right or wrong. The importance of a question affords no justification but rather the reverse for the court's advancing to meet it before it is required to do so by the duty imposed by law.

Argued Dec. 5, 1898. Appeal, No. 219, Oct. T., 1897, by plaintiff, from judgment of Q. S. Schuylkill Co., June T., 1897, No. 1269, on verdict of not guilty. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Indictment charging defendant with assuming and using the name of veterinary surgeon without a lawful diploma. Second count, assuming the title of veterinary surgeon by filing fraudulent statement. Before SAVIDGE, P. J.

Verdict of not guilty and judgment thereon. Commonwealth appealed.

*Errors assigned* were to portions of the judge's charge.

*Geo. J. Wadlinger,* with him *E. W. Bechtell,* district attorney, for appellant.—We are not unmindful of the fact that a prisoner, once acquitted, cannot be put in jeopardy a second time for the same offense, and this appeal has not been taken with any such purpose in view, but for the purpose of having this Court determine whether the limitation clause contained in the Act of April 29, 1891, P. L. 36, which is an amendment of the fourth section of the Act of April 11, 1889, P. L. 28, being " an act to regulate the practice of veterinary medicine and surgery in Pennsylvania," and by which the time for registration was extended to January 1, 1892, but not on or after that day, is constitutional.

In the case of Com. v. Curry, 4 Pa. Superior Ct. 356, this Court entertained an appeal by the commonwealth from the judgment of the court of quarter sessions of Chester county, declaring the Act of June 26, 1895, P. L. 317, known as the Pure Food Act, unconstitutional. This Court, in an exhaustive opinion by Judge ORLADY, reversed the judgment of the court below.

Much might be said and written favorable to the contention, that the commonwealth is entitled to a review of the judgment of a lower court, whenever she may ask it, notwithstanding the dictum in the case of Commonwealth v. Wallace, 114 Pa. 405, to the effect that, " to erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors (nuisance, forcible entry and detainer), already mentioned, the commonwealth cannot except, and such decision cannot be reviewed."

The present mode of appeal, blending the features of a writ of error and certiorari, bring before the court, for its consideration, the entire record in the cause.

*J. O. Ulrich*, for appellee.

PER CURIAM, January 18, 1899:

The defendant having been acquitted, the commonwealth appealed, and has assigned for error certain portions of the charge to the jury. It is admitted that the acquittal of the defendant is conclusive, and cannot be disturbed, but it is urged, that, owing to the importance of the question, we ought to examine the ruling of the court, and declare whether it was right or wrong. Two cases are cited as precedents for such action : Com. v. Steimling, 156 Pa. 400, and Com. v. Curry, 4 Pa. Superior Ct. 356. The first case was argued at the same time as the appeal from the judgment in an action for malicious prosecution which grew out of the prosecution (Steimling v. Bower, 156 Pa. 408), and the question, whether the facts charged were sufficient to warrant a conviction, and hence to show probable cause for the prosecution, was fairly before the court. In Com. v. Curry there was a verdict of guilty, which the court set aside and discharged the defendant. We reversed the order discharging the defendant, and remitted the record to the court below with a procedendo. The assignment of error raised the question upon which we gave an opinion, the error appeared upon the face of the record, and we had power to correct it. For error in quashing an indictment, arresting judgment after verdict of guilty and the like, the commonwealth may remove the record for review without special allowance of the proper writ: Com. v. Wallace, 114 Pa. 405; Heikes v. Com., 26 Pa. 513. Neither of these cases, therefore, is authority for the proposition, that although we are powerless to correct errors in the charge of the court given on the trial of a criminal case which has resulted in an acquittal, yet the commonwealth may, on an appeal, obtain an expression of opinion as to the correctness of the instructions complained of. It seems to us, that the more important the question the stronger the reason for withholding an expression of opinion upon it until it arises in a real dispute, where the appellate court has jurisdiction to render a decision which will authoritatively determine it. When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration, but we do not think we ought to make any advance to meet it

until we are required to do so by the duties of our position. Our jurisdiction on appeal in cases like the present is that which the Supreme Court had on writ of error prior to the. act of 1889, which gave the name "appeal" to all appellate proceedings. This was limited to the correction of errors appearing of record. At common law the charge of the court was not part of the record, and the statute of Westminster II., which authorized bills of exceptions was held not to extend to criminal cases: Middleton's Case, 2 W. 285; Sampson v. Com., 5 W. & S. 385; Hopkins v. Com., 50 Pa. 9; and see Vanpool v. Com., 13 Pa. 391. The Act of November 6, 1856, P. L. (1857) 795, amended and supplied by the Act of March 31, 1860, P. L. 427, sec. 33, gave defendants in indictments for murder or voluntary manslaughter the right to except on the trial to any decision of the court upon any point of evidence or law, and the Act of May 19, 1874, P. L. 219, extended the same right to defendants in all criminal cases, and to the commonwealth in cases of nuisance, forcible entry, and forcible detainer. "To erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned, the commonwealth cannot except, and such decisions cannot be reviewed:" Com. v. Wallace, 114 Pa. 405.

The appeal is quashed.