# Commonwealth *v.* Sober.

*Appeals—Criminal law—District attorney.*

Where the district attorney does not appear in person in an appeal from the judgment of the court of quarter sessions in a criminal case, the appeal must be treated as if sued out under his official responsibility, since he represents the commonwealth in his county.

*Appeals—Criminal law—Special allowance—Act of March* 31, 1860, *P. L.* 410, *and May* 19, 1874, *P. L.* 219.

Since the passage of the act of March 31, 1860, the powers of the Supreme Court are competent to review any judicial record, and the district attorney may take out a writ of error for certiorari without special allowance. As to erroneous decisions made in the trial which may cause the acquittal of the accused, except the misdemeanors of nuisance, forcible entry and detainer mentioned in the act of May 19, 1874, the commonwealth cannot except, and such decisions cannot be reviewed; but for error in quashing an indictment, arresting judgment after a verdict of guilty, and the like, the commonwealth may remove the record for review without allowance of the proper writ.

*Criminal law—Pleading—Indictment—Distinct offenses.*

While the criminal law does not permit distinct offenses to be joined in the same count, yet when a statute makes indictable two or more acts connected with the same transaction, each one of which may be considered as representing a phase of the same offense, such acts may be coupled in the one count. It is not regarded as duplicity thus to join successive statutory phases of the same offense.

*Criminal law—Indictment—False pretenses—Duplicity.*

An indictment will be sustained which distinctly charges the defendant with falsely representing that he had an interest in a certain partnership, and that by means of such false pretense he unlawfully obtained from a person named, the latter's signature to a certain written instrument commonly called a judgment note.

Argued April 17, 1900. Appeal, No. 112, April T., 1900, by Commonwealth, from judgment of Q. S. Westmoreland Co., Aug. T., 1899, No. 160, quashing indictment in case of Commonwealth v. D. B. Sober. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Motion to quash indictment.

The indictment was as follows:

" The grand inquest of the Commonwealth of Pennsylvania,

inquiring for the County of Westmoreland, upon their respective oaths and affirmations, do present, That D. B. Sober, late of this county, yoeman, on the first day of September, in the year of our Lord one thousand eight hundred ninety-seven, at the county aforesaid, and within the jurisdiction of this Court, unlawfully and wickedly devising and intending to cheat and defraud R. H. Bellman of his goods, moneys, chattels and property, unlawfully did falsely and designedly pretend to be the owner of a one-third interest in the ' All Right Grocery Company ' of New Kensington, Pa., that said company was increasing its capital stock an additional two thousand dollars, and the amount of the note hereinafter specified was his share of said increase of said capital stock. Said ' All Right Grocery Company ' being a partnership engaged in the business of retailing groceries, dry goods, etc., in the said borough, whereas, in truth and in fact, the said D. B. Sober did not own a one-third interest in said ' All Right Grocery Company,' neither did the said D. B. Sober own any interest therein, and D. B. Sober, the defendant, then and there well knew the said pretense and pretenses, to wit: That the D. B. Sober was the owner of a one-third interest in the ' All Right Grocery Company ' of New Kensington, Pa., that said company was increasing its capital stock an additional $2,000, and the amount of the note hereinafter specified was his share of said increase of said capital stock, to be false, by color and means of which said false pretense and pretenses, he, the said D. B. Sober, the defendant, did then and there unlawfully obtain from the said R. H. Bellman, his signature to a certain written instrument commonly called a judgment note, for the sum of $666.67, payable to the order of one P. F. Ray in one year from the said date of said note. A copy of which said note is as follows :

" ' $666.67. Sept. 2d, 1897.

" ' One year after date we promise to pay to the order of P. F. Ray six hundred sixty-six and 67-100 dollars without defalcation, value received. And further, we do hereby empower any attorney of any Court of Record within the United States or elsewhere, to appear for us and after one or more declarations filed confess judgment against us as of any term for the above sum with costs of suit and attorney's commission of 5 per cent.

for collection and release, of all errors and without stay of execution and inquisition and extension upon any levy on real estate is hereby waived, and no benefit of exemption be claimed under and by virtue of any exemption law now in force or which may hereafter be passed.

"'Witness hand and seal.

"'D. B. SOBER and R. H. BELLMAN. [Seal.]
"'T. B. BEATTY. [Seal.]

"Being then and there the property of the said R. H. Bellman, with intent to cheat and defraud the said R. H. Bellman to the great damage of the said R. H. Bellman and compelling him, the said R. H. Bellman, to pay said note contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

"And the inquest aforesaid, upon their oaths and affirmations aforesaid, do further present, That the said D. B. Sober afterwards, to wit: On the same day and year aforesaid, at the county and within the jurisdiction aforesaid, unlawfully and wickedly devising and intending to cheat and defraud R. H. Bellman of his goods, moneys, chattels and property, unlawfully did falsely and designedly pretend to be the owner of a one-third interest in the stock, fixtures, etc., of a grocery store known and designated as the 'All Right Grocery Company;' that the value of the said company's stock, fixtures and property, real and personal, was              dollars; that said company was doing business in New Kensington, said county, and was then increasing their capital stock, and the amount of the note herein specified was his share of the said increase of capital stock, whereas, in truth and in fact, the said D. B. Sober did not own any one third or any part or proportion of the said 'All Right Grocery Company,' nor any interest whatever therein, neither did he increase his stock or acquire any stock in said company; by color and means of which said false pretense and pretenses, he, the said D. B. Sober, did then and there unlawfully obtain from the said R. H. Bellman his signature to said written instrument, in the first count of this indictment particularly specified and set forth, with intent to cheat and defraud the said R. H. Bellman to the great damage

of the said R. H. Bellman, contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

" And the inquest aforesaid upon their oaths and affirmations aforesaid, do further present that the said D. B. Sober afterwards, to wit: On the same day and year aforesaid, at the county and within the jurisdiction aforesaid, unlawfully and wickedly devising and intending to obtain the signature of said R. H. Bellman to a written instrument commonly called a judgment note for the sum of $666.67, payable to the order of P. F. Ray, in the first count of this indictment particularly specified, unlawfully did falsely and designedly pretend to own a one-third interest in the ' All Right Grocery Company,' a partnership doing business in the borough of New Kensington and selling and retailing groceries therein, and that said company was increasing its capital stock an additional two thousand dollars. Whereas in truth and in fact the said D. B. Sober did not have or own a one-third interest in said ' All Right Grocery Company,' or any interest whatever therein; by color and means of which said false pretense and pretenses he, the said D. B. Sober did then and there unlawfully obtain from the said R. H. Bellman his signature to said written instrument in the first count of this indictment particularly specified and set forth, with the intent to cheat and defraud the said R. H. Bellman, to the great damage of the said R. H. Bellman, contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania."

The defendant moved to quash the indictment on the ground of duplicity. The court sustained the motion and quashed the indictment.

No exception was taken to the action of the court, and the commonwealth appealed without a special allocatur. The appeal was not taken in the name of the district attorney.

*Error assigned* was the order quashing the indictment.

*Levi McQuiston* and *William H. Martin*, for appellant.—The written instrument is described and set forth in the instrument

showing it to be such a written instrument as falls within the meaning of the statute, under which this indictment is framed, which statute, like that against forgery, having been enacted for the protection of men in the enjoyment of their property, and if the instrument be of such a character as to work a prejudice to the property of the person whose signature is obtained, it is within the statute; this is expressly held by the supreme court of New York, under a statute exactly similar to ours, in the case of The People v. Galloway, 17 Wend. 540. Also in the following cases : People v. Gates, 13 Wend. 311 ; People v. Chapman, 4 Parker's Crim. Repr. 56 ; State v. Thatcher, 35 N. J. L. 445 ; State v. Blauvelt, 38 N. J. L. 306.

The indictment was sufficient and good in law, and comes within the 11th section of the criminal procedure act of March 31, 1860: Commonwealth v. Henry, 2 Brewst. 566 ; Commonwealth v. Byerly, 2 Brewst. 568 ; Commonwealth v. Stacey, 8 Phila. 617 ; Commonwealth v. Keenan, 67 Pa. 203.

*Paul Gaither*, of *Gaither & Woods*, and *Denna C. Ogden*, for appellee.—No exception was taken by the commonwealth to the ruling of the judge in the court below, sustaining the defendant's motion to quash said bill of indictment, and no bill of exceptions has ever been sealed by said court; so that we contend that the commonwealth is not entitled to an appeal to the Superior Court for its decision in this case : Fife v. Commonwealth, 29 Pa. 429 ; Commonwealth v. Bradney, 126 Pa. 199.

It will also be observed in this case that no allowance is granted by the Superior Court for this appeal. Now, while it may be the law that the district attorney may take out a writ of error, or certiorari, without special allowance, for he is vested with all the powers which formerly belonged to the deputy attorney general, yet it is to be doubted whether the prosecutor's private counsel, on behalf of his client, can take an appeal without this allowance, when the district attorney representing the commonwealth is satisfied with the decision of the court below.

The indictment was sufficient : Com. v. Usner, 6 Lancaster Law Rev. 121 ; Moore v. Com., 8 Pa. 260 ; Com. v. Moore, 99 Pa. 570 ; Com. v. Standard Oil Co., 101 Pa. 119.

OPINION BY ORLADY, J., January 22, 1901:

The defendant was indicted under the 11th section of the Crimes' Act of March 31, 1860. A motion was filed setting out four reasons for quashing the indictment, which was granted by the court, and from that judgment the commonwealth takes this appeal. While the district attorney does not appear in person, the appeal, as presented, must be treated as if sued out under his official responsibility, since he represents the commonwealth in his county.

By the act of May 19, 1874, the commonwealth may take exception to any decision or ruling of the court in cases charging the offense as a nuisance, forcible entry or detainer, but such grant takes away no power in respect to other cases. Since the act of 1860, it has been decided that the powers of the Supreme Court are competent to review any judicial record, and the district attorney may take out a writ of error or certiorari without special allowance. As to erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors mentioned, the commonwealth cannot except, and such decisions cannot be reviewed; but for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the commonwealth may remove the record for review without allowance of the proper writ: Commonwealth v. Wallace, 114 Pa. 405.

In cases where the commonwealth has the right to a writ of error or certiorari no statute says that such right should depend upon the allowance of an exception by the trial judge. In the language of Chief Justice WOODWARD, Commonwealth v. Capp, 48 Pa. 53, " It would be very strange if the commonwealth might not appeal to her own tribunals for justice without the special consent of certain of her officers." See also Commonwealth v. Bartilson, 85 Pa. 482, Gilroy v. Commonwealth, 105 Pa. 484, Commonwealth v. McHale, 97 Pa. 397, and Commonwealth v. Kistler, 149 Pa. 345.

The record is properly in this court, and as a part of it, we have the motion to quash, with the reasons therefor and the action of the court thereon. The indictment distinctly charges the defendant, in substantial compliance with the act of assembly, with unlawfully obtaining by false pretenses the signature of R. H. Bellman to a certain written instrument. The

pleader details the means used to accomplish the alleged crime at greater length than is required by the decisions, but it certainly did not mislead the defendant as to the nature and character of the offense charged. Obtaining the signature of R. H. Bellman to the judgment note, and the misrepresentation of the defendant's interest in the " All Right Grocery Company " are alleged as existing facts. The pretenses set out do not describe a separate offense so as to make the indictment defective; but they are descriptive of the means employed to obtain the signature to the written instrument with intent to cheat and defraud R. H. Bellman. It is a well settled fact that the criminal law does not permit distinct offenses to be joined in the same count. The completed act charged was obtaining the signature to a written instrument by false pretenses, with intent to cheat and defraud by making it a valuable security. When a statute makes indictable two or more acts connected with the same transaction, each one of which may be considered as representing a phase of the same offense, it has, in many cases been ruled that they may be coupled in the one count. It is not regarded as duplicity thus to join successive statutory phases of the same offense: Commonwealth v. Miller, 107 Pa. 276.

We must give the statute a reasonable construction, in accordance not only with its plain general intent, but also with the fundamental principles of our criminal law. The specified acts may be distinct and separate offenses, or they may be so entirely parts of the same transaction that they combine to make but one : Commonwealth v. Mentzer, 162 Pa. 646.

The rule is clearly defined in the 11th section of the criminal procedure act of 1860, and provides that " every indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of assembly prohibiting the crime and prescribing the punishment, if there be any such, or if at common law, so plainly that the nature of the offense charged may be easily understood by the jury." It is evident, from the current both of decision and legislation, that criminal pleading is no longer the technical thing it was, and that courts should look more to substantial justice than artificial nicety : Commonwealth v. Keenan, 67 Pa. 203 ; Commonwealth v. Wood, 2 Pa. Superior

Ct. 45; Commonwealth v. New Bethelehem Borough, 15 Pa. Superior Ct. 158. The indictment is sufficient to require a plea by the defendant.

The judgment of the court below is reversed, the record to be remitted with a procedendo.