# Commonwealth, Appellant, *v.* Weber.

*Criminal law—Appeals—Verdict of not guilty—Quashing appeal—Veterinarian—Failure to report tuberculosis—Act of July 22, 1913, P. L. 928.*

Where a veterinarian is indicted for violating the provisions of the Act of July 22, 1913, P. L. 928, in not reporting a case of tuberculosis in a cow, and at the trial is acquitted by direction of the court because he had not gained his knowledge of the case in his professional practice, no appeal lies by the Commonwealth, and if an appeal is taken it will be quashed.

Submitted Dec. 8, 1916. Appeal, No. 340, Oct. T., 1916, by plaintiff, from judgment of Q. S. Lancaster Co., Jan. T., 1914, No. 43, on verdict of not guilty in case of Commonwealth v. S. E. Weber. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Appeal quashed.

Indictment for not reporting a tuberculosis cow.

At the trial the court directed a verdict for defendant.

Verdict and judgment for defendant. The Commonwealth appealed.

*Error assigned* was in directing a verdict for defendant.

*Coyle & Keller,* for appellant.

*B. F. Davis* and *E. M. Gilbert,* for appellee.

OPINION BY ORLADY, P. J., March 16, 1917:

The trial judge placed a construction on the act of assembly under which the defendant was indicted and being tried, that resulted in an instruction to the jury to return a verdict of not guilty, and intimated that the

Commonwealth might take an appeal to find out whether his was a correct statement of the law.

The verdict of not guilty closed all investigation as to the merits of the case so far as both parties are concerned, and any discussion of the question involved would be purely academic.

The question presented is, whether the Commonwealth has the right to be heard after a verdict of not guilty is returned by the jury. The rule is the same whether the verdict is the result of an error committed by the trial court, or to a perverse finding by the jury. "To erroneous decisions made in the trial which may cause the acquittal of the accused except in the three cases of misdemeanor, nuisance, forcible entry and forcible detainer, the Commonwealth cannot except, and such decisions cannot be reviewed. But for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the Commonwealth may remove the record for review without special allowance of the proper writ: Com. v. Wallace, 114 Pa. 405. We are powerless to correct alleged errors in the charge of the court, given on the trial of the offense set out in this indictment, which may have caused the acquittal of the defendant. As stated by RICE, P. J., in Com. v. Coble, 9 Pa. Superior Ct. 215, "The more important the question, the stronger the reason for withholding an expression of an opinion on it until it arises in a real dispute where an appellate court has jurisdiction to render a decision to authoritatively declare it. When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration, but we do not think we ought to make any advance to meet it until we are required to do so by the duties of our position": see also Com. v. Cassell, 1 Pa. Superior Ct. 476; Com. v. Stillwagon, 13 Pa. Superior Ct. 547; Com. v. Sober, 15 Pa. Superior Ct. 520.

For the reasons above given this appeal is quashed.