## Commonwealth of Pennsylvania, Appellant, *v.* Preston.

*Criminal procedure—Appeals—Appeals by Commonwealth—Child labor act—Act of May 19, 1874, P. L. 219.*

No appeal by the Commonwealth lies from a judgment of the Allegheny County Court adjudging defendant not guilty of violating the Child Labor Act of May 13, 1915, P. L. 286.

Under the provisions of the Act of May 19, 1874, P. L. 219, the Commonwealth cannot except to erroneous decisions made in the trial which may cause the acquittal of the accused, and such decisions cannot be reviewed except in cases of nuisance, forcible entry and forcible detainer.

Argued November 15, 1927. Appeal No. 785, April T., 1928, by Commonwealth from judgment of County Court of Allegheny County, 1927, No. 613, in the case of Commonwealth of Pennsylvania v. Charles H. Preston. Before PORTER, P. J., HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Appeal quashed.

Conviction before an alderman for violating the Child Labor Act of May 13, 1915, P. L. 286. Appeal to the Court of Allegheny County on agreed statement of facts. Before KENNEDY, P. J.

The facts are stated in the opinion of the Superior Court.

The Court adjudged the defendant not guilty. Commonwealth appealed.

*Error assigned* was the order of the Court.

*John M. Henry,* and with him *Samuel H. Gardner,* District Attorney and *George F. P. Langfitt,* Assistant District Attorney, for appellant.

*J. Henry O'Neill,* and with him *Blaxter & O'Neill,* for appellee.

PER CURIAM, December 15, 1927:

An information was made before an alderman of the city of Pittsburgh against the defendant charging violation of the Act of May 13, 1915, P. L. 286, known as the Child Labor Act. The magistrate adjudged the defendant guilty and imposed a fine, with the alternative of a commitment to the Allegheny County jail in default of payment thereof. The County Court, upon

petition of the defendant, allowed an appeal and, after a hearing, the defendant was "adjudged not guilty of the offense of violating the Child Labor Law, wherewith he stands charged." The Commonwealth then took this appeal from that decision. Counsel for the defendant has moved the court to quash the appeal, upon the ground that the court below having adjudged the defendant not guilty, no appeal lies by the Commonwealth.

No question as to the constitutionality of the Act of 1915 is involved in this proceeding, it is upon all hands admitted that the statute is a constitutional exercise of legislative power. The statute undoubtedly constitutes a violation of its provisions a criminal offense. Such a proceeding is essentially different from a proceeding to compel a husband to support his wife and children, under the Act of April 13, 1867, P. L. 78, as amended by the Act of March 5, 1907, P. L. 6, which is of a quasi criminal nature only: Com. v. Demott, 64 Pa. 305. The decisions in cases in which a defendant has been discharged upon the ground of the invalidity of a city ordinance have here no application, for in those cases the court below did not pass upon the question whether the defendant had violated the ordinance, but based its judgment on the finding that there was no valid ordinance. We have in this case, therefore, a criminal proceeding, in which the court below passed upon the merits and adjudged the defendant not guilty. Does an appeal by the Commonwealth lie in such a case?

The Act of March 31, 1860, P. L. 427, sec. 33, gave defendants in indictments for murder or voluntary manslaughter the right to except on the trial to any decision of the court upon any point of evidence or law, and the Act of May 19, 1874, P. L. 219, extended the same right to defendants in all criminal cases, and to the Commonwealth in cases of nuisance, forcible entry, and forcible detainer. "To erroneous decisions made

in the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned, the Commonwealth cannot except, and such decisions cannot be reviewed. But for error in quashing an indictment, arresting judgment after verdict of guilty, and the like, the Commonwealth may remove the record for review without special allowance of the proper writ:'' Com. v. Wallace, 114 Pa. 411; Com. v. Steimling, 156 Pa. 400; Com. v. Coble, 9 Pa. Superior Ct. 215; Com. v. Stillwagon, 13 Pa. Superior Ct. 547; Com. v. Weber, 66 Pa. Superior Ct. 180. The correctness of the construction of the statute by the Court below may involve an important question, but the more important the question the stronger the reason for withholding an expression of an opinion upon it until it arises in a real dispute, where the appellate court has jurisdiction of an appeal by a defendant alleging that he has been improperly convicted. When the question argued on this appeal arises upon the record of a case properly before us, it will deserve most careful and serious consideration. The defendant having been adjudged not guilty by the court which had jurisdiction to try him, we are without authority, in the circumstances here presented, to reverse that judgment and order a new trial.

The appeal is quashed.