City of Scranton, Appellant, *v.* Noll.

Argued October 27, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*A. S. Rosenberg,* Assistant City Solicitor, and with him *A. A. Vosburg,* City Solicitor, and *Frank W. Coyne,* for appellant.

*Walter W. Harris* of *O'Malley, Hill, Harris & Harris,* for appellee.

OPINION BY PARKER, J., March 3, 1933:

William Rees, plumbing inspector of the City of Scranton, complained before a police magistrate of a violation by defendant of the Act of June 7, 1901, P. L. 493 [as amended by Acts May 14, 1909, P. L. 840, and May 21, 1913, P. L. 276; 53 P. S. 2551-2630], in that he "did carry on or work at the business of plumbing in the City of Scranton, a second class city having a system of sewerage and water supply, without first securing a certificate or license to engage in or work at said business." The proceeding, summary in character, resulted in a fine, and permission was given by the court of quarter sessions of Lackawanna County to appeal to that court, when the charge was heard de novo. After hearing, the court entered this judgment: "Now, June 15, 1932, the defendant is adjudged not guilty." An appeal without special allowance was then taken to this court.

We have carefully reconsidered the former decisions of this court, and are all of the opinion that the appeal must be quashed.

After a hearing de novo by the court of quarter sessions, there was a judgment by that court in language that cannot be misunderstood that the defendant was not guilty—a distinct and unequivocal judgment of acquittal. This brings the case clearly within the principles laid down in Com. v. Preston, 92 Pa. Superior Ct. 159, and Com. v. Benson, 94 ib. 10. The judgment here entered by the lower court was final, and no appeal therefrom lies to this court. The ap-

96

pellant has called our attention to the case of Com. v. Forrest, 170 Pa. 40, 32 Atl. 652, but in that case the right to appeal was not questioned or considered.

The appeal is quashed at the cost of the appellant.