Opinion by
 

 Keller, P. J.,
 

 Defendant was indicted for wilfully neglecting to support his child born out of wedlock (Act of July 11, 1917, P. L. 773, as amended by the Act of July 21, 1919, P. L. 1075), Pursuant to the Act of June 11,
 
 *385
 
 1935, P. L. 319, the defendant, with the consent of his attorney of record, the judge and the district attorney, waived a trial by jury and elected to be tried by a judge without a jury.
 

 The trial was had before Judge Samuel H. Gardner, who at the conclusion of the case, adjudged the defendant not guilty and ordered the County to pay the costs. The Commonwealth appealed. The appeal will be quashed.
 

 We have ruled in. a number of cases
 
 (Com. v. Coble,
 
 9 Pa. Superior Ct. 215;
 
 Com. v. Stillwagon,
 
 13 Pa. Superior Ct. 547;
 
 Com. v. Weber,
 
 66 Pa. Superior Ct. 180;
 
 Com. v. Preston,
 
 92 Pa. Superior Ct. 159) that an appeal by the Commonwealth will not lie from a verdict of acquittal in a criminal prosecution, except in cases where an appeal is allowed by statute, as in nuisance, forcible entry and detainer, and forcible detainer, by the Act of May 19, 1874, P. L. 219.
 

 By the Act of 1935, supra, the judge, who tries a criminal case, when a jury trial has been waived, is given jurisdiction to hold the trial and to hear, try and determine all issues of law and fact, and to render a general verdict in like manner as if the defendant had put himself “upon the country for trial, and his case were being tried before a jury.” The ‘verdict’ of the judge so trying the case has the same force and effect as the verdict of a jury. It is a determination of fact as well as law, and if the defendant is acquitted an appeal by the Commonwealth will not lie any more than in the case of an acquittal by a jury.
 

 The defendant did not demur to the evidence. He simply offered no testimony, which is an entirely different thing. Upon a demurrer to the evidence in a criminal case the judge is not a trier of fact:
 
 Com. v. Smith,
 
 97 Pa. Superior Ct. 157, 161;
 
 Com. v. Williams,
 
 71 Pa. Superior Ct. 311, 313. He only applies the law to the facts
 
 admitted
 
 by the demurrer. The defendant
 
 *386
 
 in this case
 
 admitted
 
 no facts; he did not choose to present testimony — which admits nothing. If there is no serious dispute as to the facts in a criminal case being tried by a judge, on waiver of a jury trial, and the trial judge is of opinion that legal questions are involved which should be passed upon by an appellate court, he should adjudge the defendant guilty, which will permit the defendant to bring the questions before the appellate court on appeal; but, just as in trials by jury, a verdict of not guilty or acquittal is final and no appeal by the Commonwealth lies, unless specially authorized by statute, which is wanting here.
 

 The appeal is quashed.