## Commonwealth, Appellant, v. Teman.

Argued December 12, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Donald V. Hock,* for appellant.

No appearance was made, nor brief filed for appellee.

PER CURIAM, January 31, 1939:

The defendant, Frank Teman, a barber, was arrested for violating section 1 of Ordinance No. 3854 of the City of Allentown, adopted November 27, 1937 pursuant to section 15 of the Act of June 19, 1931, P. L. 589, as amended by the Act of June 5, 1937, P. L. 1689.

At the hearing before the alderman which followed, the defendant was adjudged guilty and sentenced to pay a fine and costs.

By special allowance an appeal was granted to the court of quarter sessions. At the hearing which ensued before Judge HENNINGER the defendant was found not guilty and discharged. The Commonwealth appealed. The appeal was quashed at bar.

We have held a number of times that an appeal by the Commonwealth will not lie from a verdict or finding of 'not guilty' in a criminal prosecution, except in cases of nuisance, forcible entry and forcible detainer; and this is so whether the appeal is from a verdict of 'not guilty' by a jury, or a finding of 'not guilty' by a judge of the court of quarter sessions following an appeal from a summary conviction. See *Com. v. Coble,* 9 Pa. Superior Ct. 215; *Com. v. Weber,* 66 Pa. Superior Ct. 180; *Com. v. Preston,* 92 Pa. Superior Ct. 159; *Com. v. Benson,* 94 Pa. Superior Ct. 10; *Com. v. Ahlgrim,* 98 Pa. Superior Ct. 595; *Com. v. Bertolette,* 101 Pa. Superior Ct. 334; *City of Scranton v. Noll,* 108 Pa. Superior Ct. 94, 164 A. 850; *Com. v. Heiland,* 110 Pa. Superior Ct. 188, 167 A. 439; *Com. v. Wanamaker,* 128 Pa. Superior Ct. 528, 194 A. 681; *Com. v. Snaman,* 131 Pa. Superior Ct. 383, 200 A. 106.

We pointed out in *Com. v. Snaman,* supra, that if it is desired to have the decision of the court of quarter

38

sessions reviewed by this court, the defendant should be adjudged guilty, in which case the defendant may appeal; or, if the judgment is subsequently arrested, or set aside because of the invalidity of the statute or ordinance, the Commonwealth may then appeal, as was done in *Com. v. Curry,* 4 Pa. Superior Ct. 356.

For these reasons the appeal was quashed.