## Commonwealth *v.* Smith, Appellant.

Argued March 6, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

*James C. Scanlon,* with him *Forrest J. Mervine,* for appellant.

*George Garrison Shafer,* for appellee.

OPINION BY KELLER, P. J., April 12, 1939:

The appellant, Miles E. Smith, was tried in the Court of Quarter Sessions of Monroe County on two indictments: (1) For operating a motor vehicle while under the influence of intoxicating liquor; (2) for involuntary manslaughter. The latter indictment had two counts and charged him with the unlawful killing of (1) Dorothy Hoover and (2) LeRoy Neil. He was acquitted on the charge of operating a motor vehicle while under the influence of intoxicating liquor, but convicted of the charges of involuntary manslaughter. He moved for a new trial and also in arrest of judgment. The court granted his motion for a new trial, because of the trial judge's refusal, without comment, of one of defendant's points, which, on further consideration, the court felt should have been commented on and explained to the jury. The motion in arrest of judgment was overruled. Defendant appealed from the refusal to arrest the judgment.

In strict practice, when the court grants a new trial, as was done in this case on defendant's own motion, the verdict is set aside by the grant of the new trial and the proceedings in arrest of judgment fall with it, and are not subject to appeal: *Com. v. Bishop,* 69 Pa. Superior Ct. 435; *Lance v. Bonnell,* 105 Pa. 46.

The defendant, however, has also assigned for error (1) the overruling by the court below of his demurrer to the evidence on the charges of involuntary manslaughter, and (2) the refusal of his point for binding instructions, as to the indictment charging involuntary manslaughter; and as these go to the sufficiency of the evidence to sustain a conviction of involuntary manslaughter, we shall consider them.

(1) The Act of June 5, 1937, P. L. 1703, has made a radical change in the practice as respects demurrers to the evidence in criminal prosecutions. It provides "That hereafter in all criminal prosecutions, the action of the defendant at the close of the Commonwealth's case in demurring to the evidence submitted by the

Commonwealth, shall not be deemed to be an admission of the facts which the evidence tends to prove or the inferences reasonably deductible [deducible] therefrom except for the purpose of deciding upon such demurrer, and if the court shall decide against the defendant on such demurrer, such decision shall be deemed interlocutory only, and the case shall proceed as if such demurrer had not been made."

This means, as we understand the statute, that if the defendant's demurrer is overruled, the court shall not adjudge the defendant guilty, as was the practice under the prior law,[1] where the demurrer was held to admit all the facts which the evidence tended to prove and all inferences reasonably deducible therefrom—, but the case shall proceed as if the demurrer had not been made, and the decision shall be deemed interlocutory only, that is, not subject to appeal, unless statutory authority to appeal is expressly given. It gives the defendant the chance to demur to the evidence without running the risk of being adjudged guilty by the court, but it makes the decision overruling the demurrer interlocutory and not subject to appeal, until final judgment is entered, which was not done here, because of the grant of a new trial.

(2) We have left, however, the refusal of the defendant's point for binding instructions, and if the evidence required an affirmance of that point, the defendant should be discharged.

The point was based on the assumption that there was no proof connecting the death of Dorothy Hoover or LeRoy Neil with any unlawful act or reckless and negligent conduct of the defendant.

It must be admitted that the Commonwealth did not go into the matter of the deaths of these persons as

---

[1] See *Com. v. Parr*, 5 W. & S. 345; *Hutchison v. Com.*, 82 Pa. 472; *Com. v. Williams*, 71 Pa. Superior Ct. 311; *Com. v. Ernesto*, 93 Pa. Superior Ct. 339; *Com. v. Smith*, 97 Pa. Superior Ct. 157, 160, 161.

fully as was desirable, and the court below was justified in suggesting that on the next trial medical evidence should be produced of the cause of their death, but while the Commonwealth may have assumed more than it was wise to have done, the evidence, in our opinion, was such as to support a verdict of guilty.

The evidence, if believed, warranted a finding of the following facts: About two o'clock in the morning of October 17, 1937, Francis M. Rutty was driving a tractor-trailer of Consolidated Motor Lines up a moderate grade in Delaware Water Gap, en route to Binghamton, N. Y. The trailer attached to the tractor was eleven feet high and the vehicle and load together weighed eleven tons. The night was clear—no fog or cloud. The tail lights (red) were burning. In fact there were from five to seven lights and two reflectors on the *rear* of the trailer, and all of the lights were burning. While traveling, in second gear, at the rate of eight miles an hour and near the top of the rise and wholly on the right of the center line of the road, the rear of the trailer was run into with great force by a Chevrolet two-door sedan car, traveling in the same direction, driven by the defendant, in which Dorothy Hoover and LeRoy Neil were riding with him on the front seat. The impact was so great as to break off the rear axle of the trailer near the left wheels, so that the left rear trailer wheels were broken off and jacked up the front of the car which was imbedded into the trailer. The axle was of steel, 3½ by 4½ inches, and was squarely broken off by the impact. The whole right side of the defendant's car was completely gone, extending from the hood to the rear wheel. The force of the blow and the damage to the axle and wheels stalled the tractor and Rutty got out to see what was the matter. He found the defendant sitting in a dazed condition on the left running board just outside the driver's seat. The door on that side was open. Inside the sedan on the right hand side of the front seat was LeRoy Neil, dead. Collapsed in

the center of the front seat was Dorothy Hoover, who was found to be dead when she was lifted out. Defendant had evidently just left the driver's seat. Photographs were offered in evidence and explained by witnesses to the jury, which were not printed with the record, but showed a complete wreck of the sedan and serious damage to the trailer, and which the jury had a right to consider. While there was no direct evidence that Neil and Miss Hoover were killed by the collision, we think it was inferable from the evidence. It was shown that Neil was alive and had drinks with the defendant at several taprooms or hotels, not long before the accident. In the examination of at least one witness, he was referred to, without objection, as "the boy that was *killed*."

The jury had the right to draw the inferences commonly made by ordinary persons in such circumstances, and could find from the foregoing facts that the persons riding with the defendant were killed by the collision, rather than that they died from natural causes or were dead when placed in the front seat of the car (see *Com. v. Johnson*, 162 Pa. 63, 29 A. 280); and the circumstances of the collision were such as to support a finding of recklessly negligent driving by the defendant. See *Com. v. Gill*, 120 Pa. Superior Ct. 22, 182 A. 103.

The assignments of error are overruled, and the appeal is dismissed.