Commonwealth, Appellant, *v.* Obenreder.
Commonwealth, Appellant, *v.* Schrecengost.
Commonwealth, Appellant, *v.* Sharp.

Argued March 10, 1941.

Before KELLER, P. J., CUNNINGHAM, STADTFELD, RHODES and HIRT, JJ.

*William M. Rutter,* Deputy Attorney General, with him *Maurice P. Breene,* District Attorney, *George W. Keitel,* Assistant Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

No appearance was made nor brief filed for appellee.

Opinion by Keller, P. J., April 16, 1941:

These three appellees were severally arrested for violating section 1002(c) of the Vehicle Code of May 1, 1929, P. L. 905, as amended, (75 PS §501(c) ), regulating the lawful speed of motor vehicles, and having appeared before a justice of the peace, waived summary hearing and gave bond for their respective appearances for trial before a judge of the Court of Quarter Sessions of Venango County, as provided in said Vehicle Code, sec. 704, as amended June 22, 1931, P. L. 815, sec. 2, p. 829, 75 PS §1094(b).

The cases were tried together before the President Judge of the court. Testimony was heard, but was not taken stenographically or transcribed. The judge entered judgments of acquittal, from which the Commonwealth has taken these appeals. The appeals are based on the judge's alleged error of law in refusing to receive in evidence the certificate of the LeJeal Automotive Service, (said to have been designated as an Official Speedometer Testing Station by the Secretary of Revenue), that it had tested and found accurate the speedometer on the motor vehicle used to time the speed of the defendant's respective motor vehicles, in accordance with the provisions of the Motor Vehicle Act of 1929, as amended by Act of June 27, 1939, P. L. 1135, sec. 1002(d) (1), pp. 1175, 1176, 75 PS §501(d) (1). The appeals must be quashed.

It is well settled in this State that the Commonwealth cannot appeal from a judgment of acquittal in criminal prosecutions, except in cases of nuisance, forcible entry

and detainer, and forcible detainer (Act of May 19, 1874, P. L. 219). And this is so whether the prosecution be by indictment (*Com. v. Coble,* 9 Pa. Superior Ct. 215; *Com. v. Stillwagon,* 13 Pa. Superior Ct. 547; *Com. v. Weber,* 66 Pa. Superior Ct. 180), or by summary proceeding, (*Com. v. Preston,* 92 Pa. Superior Ct. 159; *Com. v. Benson,* 94 Pa. Superior Ct. 10, 15-18; *Com. v. Ahlgrim,* 98 Pa. Superior Ct. 595; *Com. v. Bertolette,* 101 Pa. Superior Ct. 334; *City of Scranton v. Noll,* 108 Pa. Superior Ct. 94, 164 A. 850). And, if the former, it does not matter whether the verdict be rendered by the jury of its own accord or by direction of the court: *Com. v. Weber,* 66 Pa. Superior Ct. 180; *Com. v. Steimling,* 156 Pa. 400, 405, 27 A. 297. Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment,[1] or an arrest of judgment following a verdict of guilty,[2] or a judgment sustaining a demurrer to the evidence,[3] which raise only questions of law and do not result in a verdict of not guilty or judgment of acquittal, and accordingly in those cases, the Commonwealth may appeal. The matter was fully discussed by us in *Com. v. Benson,* 94 Pa. Superior Ct. 10, 15-19. See *Com. v. Supansic,* 93 Pa. Superior Ct. 111, 113 (appeal from order granting new trial, dismissed).

The Supreme Court and this court have expressly ruled that "To erroneous decisions made on the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned, [nuisance, forcible entry and detainer, and forcible detainer] the Commonwealth cannot except, and such decisions can-

[1] *Com. v. Wallace,* 114 Pa. 405, 6 A. 685; *Com. v. Sober,* 15 Pa. Superior Ct. 520; *Com. v. Immel,* 33 Pa. Superior Ct. 388; *Com. v. Church,* 1 Pa. 105.

[2] *Com. v. Heikes,* 26 Pa. 513; *Com. v. Curry,* 4 Pa. Superior Ct. 356; *Com. v. Hazen,* 20 Pa. Superior Ct. 487.

[3] *Com. v. Kolsky,* 100 Pa. Superior Ct. 596, 598.

not be reviewed": *Com. v. Wallace,* 114 Pa. 405, 411, 6
A. 685; *Com. v. Coble,* 9 Pa. Superior Ct. 215, 218.

It must be borne in mind that the constitutionality of
the statute under which the defendants were *prosecuted*
is not involved in these appeals, but only the constitu-
tionality of a statute dealing with the *admissibility in
evidence* of the certificate as to the accuracy of the speed-
ometer used by the witnesses for the prosecution. The
error, if any, was in the exclusion of evidence on the
trial. In such case, the extract from the opinion of the
Supreme Court in *Com. v. Wallace,* supra, above quoted,
and the following extract from the opinion in *Com. v.
Preston,* 92 Pa. Superior Ct. 159, 162 are specially ap-
propriate: "The correctness of the construction of the
statute by the court below may involve an important
question, but the more important the question the
stronger the reason for withholding an expression of
an opinion upon it until it arises in a real dispute, *where
the appellate court has jurisdiction of an 'appeal by a
defendant alleging that he has been improperly con-
victed.*[4] When the question argued on this appeal arises
upon the record of a case properly before us, it will
deserve most careful and serious consideration. The
defendant having been adjudged not guilty by the court
which had jurisdiction to try him, we are without au-
thority, in the circumstances here presented, to reverse
that judgment and order a new trial."

The appeal in each case is quashed.

---

[4] Italics added.