## Commonwealth, Appellant, *v.* Kerr.

Argued October 30, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*James Gregg*, Special District Attorney, with him *Edward Bauer*, District Attorney, for appellant.

*Paul K. McCormick*, with him *J. Clark Glassburn*, for appellee.

OPINION BY RHODES, J., December 9, 1942:

Defendant was indicted for wilful neglect to support a child born out of lawful wedlock under the Act of June 24, 1939, P. L. 872, §732, 18 PS §4732.[1] At the close of the Commonwealth's case, the court sustained defendant's demurrer to the evidence, and then instructed the jury to return a verdict of not guilty. A verdict of not guilty followed. From the judgment of acquittal the Commonwealth takes this appeal.

The Commonwealth has no right to appeal in this case. In *Com. v. Obenreder,* 144 Pa. Superior Ct. 253, at pages 254, 255, 19 A. 2d 497, at page 498, in an opinion by President Judge KELLER, we said: "It is well settled in this state that the Commonwealth cannot appeal from a judgment of acquittal in criminal prosecutions, except in cases of nuisance, forcible entry and detainer, and forcible detainer (Act of May 19, 1874, P. L. 219). And this is so whether the prosecution be by indictment (*Com. v. Coble,* 9 Pa. Superior Ct. 215; *Com. v. Stillwagon,* 13 Pa. Superior Ct. 547; *Com. v. Weber,* 66 Pa. Superior Ct. 180), or by summary proceeding (*Com. v. Preston,* 92 Pa. Superior Ct. 159; *Com. v. Benson,* 94 Pa. Superior Ct. 10, 15-18; *Com. v. Ahlgrim,* 98 Pa. Superior Ct. 595; *Com. v. Bertolette,* 101 Pa. Superior Ct. 334; *City of Scranton v. Noll,* 108 Pa. Superior Ct. 94, 164 A. 850). And, if the former, it does not matter whether the verdict be rendered by the jury of its own accord or by the direction of the court: *Com. v. Weber,* 66 Pa. Superior Ct. 180; *Com. v. Steimling,* 156 Pa. 400, 405, 27 A. 297. Such a verdict or judgment of acquittal is not to be confused with the quashing of an indictment, or an arrest of judgment following a verdict of guilty, or a

---

[1] "Whoever, being a parent, wilfully neglects or refuses to contribute reasonably to the support and maintenance of a child born out of lawful wedlock, whether within or without this Commonwealth, is guilty of a misdemeanor ....,"

judgment sustaining a demurrer to the evidence, which raise only questions of law and do not result in a verdict of not guilty or judgment of acquittal, and accordingly in those cases, the Commonwealth may appeal." See, also, *Com. v. Snaman,* 131 Pa. Superior Ct. 383, 385, 200 A. 106.

The court below, after sustaining defendant's demurrer to the evidence, should not have directed the jury to find a verdict of not guilty. The object of a demurrer to the evidence is to ascertain the law on an admitted state of facts. See *Com. v. Snaman,* supra, p. 385; *Com. v. Kolsky,* 100 Pa. Superior Ct. 596, 599. Since the Act of June 5, 1937, P. L. 1703, 19 PS §481, the court on a demurrer to the evidence in a criminal prosecution must act upon it and either sustain it or overrule it. *Com. v. Heller et al.,* 147 Pa. Superior Ct. 68, 83, 24 A. 2d 460. For the purpose of deciding on the demurrer there is an admission of the facts which the evidence tends to prove and the inferences reasonably deducible therefrom. *Com. v. Liebowitz,* 143 Pa. Superior Ct. 75, 87, 17 A. 2d 719. If the facts and inferences therefrom thus admitted do not support a finding of guilty and judgment thereon, it is the duty of the court to sustain the demurrer and discharge the defendant. See *Com. v. Marino,* 142 Pa. Superior Ct. 327, 330, 16 A. 2d 314; *Com. v. Heller et al.,* supra, p. 84. The jury then has no further function to perform.[2] See *Com. v. Robinson et al.,* 317 Pa. 321, 335, 340, 341, 176 A. 908. If the demurrer is sustained and the defendant discharged, the Commonwealth may then appeal. *Com. v. Heller et al.,* supra, p. 80; *Com. v. Shiroff,* 131 Pa. Superior Ct. 565, 566, 567, 200 A. 204;

---

[2] As to the effect of overruling a demurrer to the evidence prior to and since the Act of 1937, 19 PS §481, see *Com. v. Smith,* 135 Pa. Superior Ct. 174, 5 A. 2d 383; *Com. v. Marino,* 142 Pa. Superior Ct. 327, 16 A. 2d 314; *Com. v. Heller et al.,* 147 Pa. Superior Ct. 68, 24 A. 2d 460,

*Com. v. Kolsky,* supra, pp. 598, 599; *Com. v. Parr,* 5 Watts & S. 345. The court below, however, after sustaining the demurrer, did not discharge defendant, but directed the jury to return a verdict of not guilty. While this procedure was incorrect, the result of the verdict of not guilty is that the Commonwealth is precluded from appealing from the judgment of acquittal. The settled rule of law has been that "to erroneous decisions made in the trial which may cause the acquittal of the accused, except in the three misdemeanors already mentioned [nuisance, forcible entry and detainer, and forcible detainer], the Commonwealth cannot except, and such decisions cannot be reviewed": *Com. v. Wallace,* 114 Pa. 405, at page 411, 6 A. 685, at page 687. In *Com. v. Heiland,* 110 Pa. Superior Ct. 188, at page 189, 167 A. 439, we said: "After a verdict of 'not guilty,' except in the above enumerated cases, the Commonwealth cannot secure a review of the case. The rule is the same whether the result is an error committed by the trial court or a perverse finding of the jury." There are many authorities to the same effect.[3] For an extensive note on the subject, see 27 Am. Dec. pp. 471-480. In the case before us defendant's acquittal was the result of the action of the jury; the verdict is final, and no appeal by the Commonwealth lies under the existing law. *Com. v. Snaman,* supra, p. 386.

We have also examined the record as to the merits of the case as presented, and we would approve the result if this were the sole issue. Prosecutrix gave

---

[3] See *Com. v. Coble,* 9 Pa. Superior Ct. 215, 218; *Com. v. Sober,* 15 Pa. Superior Ct. 520, 525; *Com. v. Weber,* 66 Pa. Superior Ct. 180, 181; *Com. v. Preston,* 92 Pa. Superior Ct. 159, 161, 162; *Com. v. Supansic,* 93 Pa. Superior Ct. 111, 114; *Com. v. Teman,* 134 Pa. Superior Ct. 36, 37, 3 A. 2d 960; *Com. v. Steimling,* 156 Pa. 400, 404, 27 A. 2d 297; 1 Bishop on Criminal Law, 9th Ed., §992 (2), p. 734.

birth to the alleged bastard child on August 27, 1935. One month previous, on July 26, 1935, she was divorced from her husband, Henry Fritz. There was testimony that defendant contributed to the support of the child until June, 1940, but not thereafter. Prosecutrix testified to criminal connection with defendant on or about December 1, 1934, or about nine months before the birth and while Fritz was her husband. See *Com. v. Gantz,* 128 Pa. Superior Ct. 97, 99, 100, 193 A. 72. As prosecutrix was a married woman at the time the child was conceived, the burden of rebutting the presumption that the child had been begotten by her husband was imposed upon the Commonwealth; and this must be met by competent proof, beyond a reasonable doubt, of non-access by the husband. *Com. v. DiMatteo,* 124 Pa. Superior Ct. 277, 279, 283, 188 A. 425; *Com. v. Atherton,* 129 Pa. Superior Ct. 64, 66, 194 A. 779. The presumption of legitimacy (subject to be rebutted) is one of the strongest and most persuasive known to the law (*Dulsky v. Suequehanna Collieries Co.,* 116 Pa. Superior Ct. 520, 531, 177 A. 60), and it is proper that it should be so recognized, as in most cases the child whose legitimacy is brought into question is of tender age and wholly incapable of defending its rights. See *Cross v. Cross,* 3 Paige Ch. 139 (New York) 23 Am. Dec. 778, 780. It was not strenuously urged at the argument that proof of non-access was sufficient to submit to the jury for determination. There was vague testimony that prosecutrix' husband could not be found in January, 1935; and the prosecutrix was permitted to testify that she had not "seen him since the day he left," and that she had not seen him since the divorce. The Commonwealth also refers to the testimony of another witness who testified as follows: "Q. He [prosecutrix' husband] left before the baby was born? A. Yes. Q. Now, can you tell us how long before the baby was born? A. I couldn't

say." In the Commonwealth's brief it is argued that such proof on the subject of non-access was sufficient to submit to the jury. This testimony was clearly insufficient to submit to the jury as to non-access at or about the time of conception, and the trial judge was right in so ruling. We find no need to discuss the competency or incompetency of prosecutrix to testify to non-access. Without competent proof of non-access defendant's written admission of paternity was not admissible in evidence, as the presumption of legitimacy cannot be overcome by the assertion of a putative father. See *Bethany Hospital Co. v. Hale,* 64 Kan. 367, 67 P. 848, 849; *Craven et al. v. Selway et al.* (Iowa) 246 N. W. 821, 824.

The appeal is quashed.