## Commonwealth, Appellant, *v.* Miller.

Argued November 9, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*D. J. Snyder, Jr.,* of *Kunkle, Trescher & Snyder,* and *Edward G. Bauer,* District Attorney, for appellant,

*Donald Laird Hankey,* for appellee.

PER CURIAM, December 9, 1942:

Defendant was tried under two bills of indictment which charged him with fraudulent conversion [1] and cheating by false pretenses.[2] At the conclusion of the evidence presented by the Commonwealth the court sustained defendant's demurrer. However, it did not discharge defendant, but directed the jury to return a verdict of not guilty. Judgment of acquittal was entered on the verdict, and the Commonwealth has appealed. The appeal will be quashed.

We have repeatedly held that the Commonwealth cannot appeal from a verdict or finding of not guilty in a criminal prosecution, except in cases of nuisance, forcible entry, and forcible detainer  See *Com. v. Teman,* 134 Pa. Superior Ct. 36, 37, 3 A. 2d 960; *Com. v. Kerr,* 150 Pa. Superior Ct. 598, 29 A. 2d 340. The same erroneous practice was followed here as in *Com. v. Kerr,* supra. Where a demurrer to the evidence is sustained the court discharges the defendant and the jury has no function to perform. In the instant case, as in *Com. v. Kerr,* supra, the trial judge, however, after sustaining the demurrer, directed the jury to re-

---

[1] Act of June 24, 1939, P. L. 872, §834, 18 PS §4834.

[2] Act of June 24, 1939, P. L. 872, §836, 18 PS §4836.

turn a verdict of not guilty. That verdict precluded any appeal by the Commonwealth. The matter has been fully discussed in *Com. v. Kerr*, supra.

Appeal is quashed.