456 A.2d 216

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Merle Allen BEATTY.**

Superior Court of Pennsylvania.

Submitted March 22, 1982.

Filed Feb. 11, 1983.

Merrill W. Kerlin, District Attorney, McConnellsburg, for Commonwealth, appellant.

Philip Samuel Cosentino, Chambersburg, for appellee.

Before CERCONE, President Judge, and WICKERSHAM and ROWLEY, JJ.

CERCONE, President Judge:

Appellee, Merle Allen Beatty was found guilty of speeding [1] by a district justice and appealed to the Fulton County Court of Common Pleas. After presentation of the Commonwealth's case in the trial *de novo,* counsel for appellee demurred to the evidence on the grounds that no proof had been offered that the particular radar device, which was used to detect the speed of appellee's vehicle, the Model 100 Decatur Gun, had been approved by the Pennsylvania Department of Transportation for use by law enforcement agencies. The Assistant District Attorney then suggested

1. 75 Pa.C.S.A. § 3362(a)(2).

that the court take judicial notice of the Department's approval.[2] The lower court requested that each side present briefs on the issue of whether the Court must automatically take judicial notice of the face of the approval, or whether the Commonwealth must present a certificate of approval or actually request the court to take judicial notice before that element of the offense would be proved. The Court subsequently decided that the Commonwealth had failed to meet its burden of proving that the radar device was approved and found appellee not guilty. From the adjudication of not guilty, the Commonwealth appeals.[3]

Case law is consistent and long-standing that the Commonwealth may not appeal a verdict of not guilty. This proscription results from the judicial interpretation of the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution and of Article I, § 10 of the Pennsylvania Constitution. That interpretation precludes review of a verdict of acquittal without placing the defendant twice in jeopardy. *Sanabria v. U.S.*, 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978); *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981).

In the instant case, although it was appellee's demurrer which initially raised the question of the insufficiency of the Commonwealth's case, the lower court did reserve its ruling until after the defense presented its case and after the submission of briefs by counsel. In effect, the court's not guilty verdict was an adjudication of not guilty, and not the grant of a demurrer.[4]

2. This approval appears at Volume 10, No. 31 at page 3199 of the *Pennsylvania Bulletin.* The requirement that radar devices be approved by the Dept. of Transportation appears at 75 Pa.C.S.A. § 3368(d):

> All mechanical, electrical or electronic devices shall be of a type approved by the department....

3. Appellee has not filed an appellate brief in this case.

4. At any rate, this court has extended the right of a defendant to be free from being placed twice in jeopardy to situations in which a court sustains a defendant's demurrer to the prosecution's evidence (an ordinarily appealable order) but in addition erroneously enters a

Therefore, the Commonwealth's appeal in the instant case must be dismissed.

judgment of not guilty. *Commonwealth v. Kerr,* 150 Pa.Superior Ct. 598, 29 A.2d 340 (1942), cited with approval in *Commonwealth v. Haines,* 410 Pa. 601, 190 A.2d 118 (1963).